STATE v. GEORGE HUGGINS.

(Filed 14 December, 1938.)

**Automobiles § 32e—Evidence held sufficient to be submitted to jury on issue of culpable negligence in operation of automobile.**

The evidence tended to show that defendant operated an automobile on a State Highway at an excessive speed, and struck two pedestrians who were standing on the edge of a ditch beside the highway in the light of a filling station so that they could have been seen for a distance of forty to one hundred yards, resulting in the death of one of the pedestrians, that the highway at the scene of the accident was straight, and that after striking the pedestrians, the automobile ran a total distance of seventy steps with its right wheels in the ditch before getting back on the highway and stopping.  *Held:* The evidence permits the inference that the automobile was being operated by defendant recklessly and in willful or wanton disregard of the rights and safety of others, and in a manner likely to endanger the life of the deceased, and was properly submitted to the jury in this manslaughter prosecution on the issue of culpable negligence.

APPEAL by defendant from *Sinclair, J.,* at April Term, 1938, of ROBESON. No error.

Defendant was convicted of involuntary manslaughter, resulting from negligent operation of an automobile.

From judgment imposing prison sentence, defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*

*F. Ertel Carlyle and McLean & Stacy for defendant.*

DEVIN, J. Defendant's principal assignment of error is based on the denial by the court below of his motion for judgment as of nonsuit.

The evidence tended to show that the deceased, in company with two other men, was standing near a gasoline filling station on the highway near St. Pauls, North Carolina. The highway was forty feet wide and straight. It was after dark and the filling station was lighted, the lights shining out into the road. The three men were "standing in the edge of the drain ditch," or as another witness expressed it, "on the edge of the highway on the slant of the ditch," when, without warning, they were struck by an automobile that went by running very fast, and the deceased was killed and another person standing by him was seriously injured. It was testified that the automobile, after striking the other person and the deceased, ran a total distance of seventy steps in the drain ditch before getting back on the highway. No other vehicle was passing and no other person was on the highway at the time. The lights from the filling station were sufficiently bright to light the road and to reveal the presence of the men on the side of the highway from a distance of forty to one hundred yards. There was evidence that the automobile was being driven on this occasion by the defendant.

Considering this evidence, under the established rule, in the light most favorable to the State, it is apparent that there was sufficient evidence to be submitted to the jury that the death of the deceased proximately resulted from the culpable negligence of the defendant. The clearly observable position of the deceased on the edge of the drain ditch, in the light from the adjacent filling station, at the time he was struck and killed by the speeding automobile, and the unslackened continuance of the automobile with the right wheels in the ditch, without stopping, for a considerable distance, would seem to permit the inference that the automobile was being operated by the defendant recklessly and in willful or wanton disregard of the rights and safety of others, and in a manner likely to endanger the life of the deceased.

In *S. v. Rountree,* 181 N. C., 535, 106 S. E., 669, it was said: "The degree of negligence necessary to be shown on an indictment for man-

slaughter, where an unintentional killing is established, is such recklessness or carelessness as is incompatible with a proper regard for human life. *S. v. Gash,* 177 N. C., 595; *S. v. McIver,* 175 N. C., 761; *S. v. Tankersley,* 172 N. C., 955. The negligence must be something more than is required on the trial of an issue in a civil action, but it is sufficient to carry the case to the jury in a criminal prosecution where it reasonably appeared that death or great bodily harm was likely to occur. *S. v. Gray,* 180 N. C., 697. A want of due care or a failure to observe the rule of the prudent man, which proximately produces an injury, will render one liable for damages in a civil action, while culpable negligence, under the criminal law, is such recklessness or carelessness, resulting in injury or death, as imports a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others. *S. v. Goetz,* 83 Conn., 437, 30 L. R. A. (N. S.), 458." *S. v. Durham,* 201 N. C., 724, 161 S. E., 398; *S. v. Cope,* 204 N. C., 28, 167 S. E., 456.

The exception to the judge's charge cannot be sustained. Considered in its entirety, the charge seems to have stated the applicable rules of law substantially in accord with the decisions of this Court.

In the trial we find

No error.