STATE v. ALONZO LEE HARRINGTON.

(Filed 11 December 1963.)

1. Automobiles §§ 38, 58—

In a prosecution for manslaughter growing out of the operation of an automobile it is competent for a 13 year old boy to testify as to the speed of the car from his observation of the movement of the lights of defendant's car along the highway for a considerable distance.

2. Automobiles § 59—

Evidence in this case that defendant was driving some 60 miles per hour in going from open country into a residential district at which a highway sign cautioned motorists to "reduce speed," and that defendant, while attempting to pass a preceding vehicle, struck two small children in his lane of travel, together with other facts and circumstances adduced by the evidence, *is held* sufficient to be submitted to the jury on the issue of defendant's culpable negligence.

3. Automobiles § 57;  Negligence §§ 16, 32—

In a prosecution for manslaughter in the deaths of children 7 and 10 years of age, contributory negligence, as such, has no relevancy, but is pertinent only upon the question of whether the conduct of the minors was such that defendant's negligence did not constitute a proximate cause of their deaths, and therefore the presumption that the infants were incapable of contributory negligence is not apposite.

4. Automobiles §§ 57, 60—

In a prosecution of a motorist for manslaughter in the deaths of two small boys who were struck by defendant's car as defendant was attempting to pass another vehicle traveling in the same direction, evidence that the children were walking on the hardsurface when they were struck and that the preceding car speeded up as defendant attempted to pass it, requires the court to instruct the jury upon the conduct of the children in walking on the hardsurface and the conduct of the other driver in increasing his speed as bearing upon the question of whether defendant's negligence was a proximate cause of the deaths.

5. Criminal Law § 136—

Where a new trial is awarded, provision of the judgment activating a prior suspended sentence, solely on the ground of the conviction, will be vacated.

APPEAL by defendant from *Johnston, J.,* January 7, 1963, Session of RICHMOND.

Defendant is charged with manslaughter in two bills of indictment. The bills were consolidated for trial. It is alleged that defendant did kill and slay Leon Chambers, age 10, and John Wesley Chambers, age 7. About 9:30 P.M. on 8 September 1962 defendant was driving north on "Long Drive," a 2-lane paved road, 23 feet in width, which runs

from U. S. Highway No. 1 into East Rockingham. In attempting to pass a car proceeding in the same direction defendant ran into and killed the named persons, who were walking in the west lane of the road.

Defendant pleaded not guilty. The jury found him guilty of involuntary manslaughter. The court imposed a prison sentence of 4 to 7 years.

In 1960 in another criminal action defendant had pleaded guilty to involuntary manslaughter, and a prison sentence of 2 to 4 years had been imposed and suspended for 5 years on specified conditions. After entry of judgment in the instant case, the court put into effect the former sentence of 2 to 4 years, to run concurrently with the sentence in the present case.

Defendant appeals from both judgments.

*Attorney General Bruton and Assistant Attorney General Bullock for the State.*

*Webb & Lee and Joseph G. Davis, Jr., for defendant.*

MOORE, J.   Defendant assigns as error the admission of opinion testimony, as to the speed of defendant's car at the time of the accident, by Richard Chambers, 13 year old brother of the deceased children. The testimony is as follows: "I would say probably from in between sixty and seventy miles per hour. I heard the brakes on the car squeal real loud. . . . I saw Alonzo's (defendant's) car coming up from the south going north on the road. I saw another car at that time. It was coming up the road ahead of Alonzo. Alonzo did not pass the car until he got up there by our house and then he began to try to pass it. . . ." The witness was on the porch of his home about 18 feet from the highway and about 100 feet from the point of the accident.

"It is the general rule, adopted in this State, 'that any person of ordinary intelligence, who has had an opportunity for observation, is competent to testify as to the rate of speed of a moving object such as an automobile." *Lookabill v. Regan,* 247 N.C. 199, 100 S.E. 2d 521. There is no suggestion that the witness is possessed of less than ordinary intelligence; according to the evidence he had an opportunity for observation. The speed of an automobile at night may be judged by the movement of its lights. *State v. Hart,* 250 N.C. 93, 107 S.E. 2d 919. The weight of the testimony is a matter for the jury. *State v. Becker,* 241 N.C. 321, 85 S.E. 2d 327.

Defendant's motion for nonsuit was overruled. In this we find no error. The State's evidence tends to show that defendant at the time

of the accident was in the process of going from open country into a residential district, was cautioned by a highway sign to "reduce speed," and was driving 60 miles per hour from a 55 mile speed zone, and that there were skid marks on the highway 253 feet long after the accident. This evidence, together with other facts and circumstances, is sufficient to permit, but not compel, a jury to find that defendant was culpably negligent and that such negligence was a proximate cause of the death of the named persons. The following cases are in many respects factually similar to the case at bar: *State v. Gurley,* 257 N.C. 270, 125 S.E. 2d 445; *State v. Phelps,* 242 N.C. 540, 89 S.E. 2d 132; *State v. Huggins,* 214 N.C. 568, 199 S.E. 926; *State v. Cope,* 204 N.C. 28, 167 S.E. 456.

Defendant testified and contends that he was driving within the speed limit, was exercising reasonable care and his conduct was not the proximate cause of the accident. The State's evidence in many aspects is favorable to defendant. The driver of the car in front of defendant was in the better position to see the boys on the road. There is testimony by defendant and the State's eyewitnesses that the car defendant was attempting to pass increased speed as defendant came alongside, rendering it difficult, if not impossible, for defendant to pass or turn to the right. There is testimony by Richard Chambers, the only witness who testified to the movements of the deceased boys, that they went to the edge of the road and, after waiting for a south-bound car to pass, walked directly across the center of the road, and then turned north and walked on the hardsurface in the south-bound lane with their backs to northbound traffic; they had walked about 75 feet before they were overtaken by defendant; they were dressed in dark clothes and the street was of asphalt construction.

In apt time defendant requested the court to instruct the jury as follows:

> "G.S. 20-174 (d) provides: 'It shall be unlawful for pedestrians to walk along the traveled portion of any highway except on the left hand side thereof, and such pedestrian shall yield the right of way to approaching traffic.' It is the duty of a pedestrian walking along the left hand side of a highway to yield the right of way not only to traffic that approaches such pedestrian from the front but also to yield the right of way to traffic that approaches such pedestrian from the rear."

The court refused to give the requested instruction. It was said in *State v. Smith,* 238 N.C. 82, 76 S.E. 2d 363, that "contributory negligence as such has no place in the law of crimes." There the Court was

considering the question of nonsuit. Contributory negligence is no defense in a criminal action. However, in a case in which defendant is charged with manslaughter by reason of his alleged culpable negligence, the negligence of the person fatally injured, or of a third person, is relevant and material on the question of proximate cause. *State v. Phelps, supra.* It is true that the deceased boys were only 7 and 10 years of age. As a matter of law, a child under 7 years of age is incapable of negligence. An infant between the ages of 7 and 14 is presumed incapable of negligence, but the presumption is rebuttable. *Adams v. Board of Education,* 248 N.C. 506, 103 S.E. 2d 854; *Walston v. Greene,* 247 N.C. 693, 102 S.E. 2d 124. These are rules of law by which it is determined in civil cases whether the suit by an infant for negligent injury is barred by his contributory negligence. In a criminal action based on culpable negligence the presumption of incapability of negligence by an infant between the ages of 7 and 14 does not shift the burden of proof to, or cast any burden upon, defendant. The inquiry is whether the culpable conduct, if any, of defendant was a proximate cause of the death. If under all the circumstances the conduct of the infant was such as to create in the minds of the jury a reasonable doubt that the acts of defendant constituted a proximate cause of death, defendant should be acquitted.

The defendant is entitled to have the jury consider, on the question of proximate cause, whether the conduct of the driver of the vehicle he attempted to pass, or the conduct of the infants in violating G.S. 20-174 (d), or both together, was the proximate cause of the death of the infants. There is no conflict in the evidence relative to the conduct of the infants or of the driver of the other car—and if there were conflicting evidence, the rule would be the same. The contention of defendant that death was proximately caused by such conduct is, perhaps, his strongest line of defense. The charge of the court does not touch upon these matters in any respect. The jury must not only consider the case in accordance with the State's theory of the occurrence but also in accordance with the defendant's theory. *State v. Guss,* 254 N.C. 349, 118 S.E. 2d 906. Defendant in apt time requested that the law bearing upon his theory of the case be presented to the jury. He was merely asking the court to charge the law arising on the evidence. G.S. 1-180; *State v. Faust,* 254 N.C. 101, 118 S.E. 2d 769. Justice and the law countenance nothing less. Defendant is entitled to a new trial.

In activating the sentence which was suspended in the former judgment in case No. 6156, tried in 1960, the court was undoubtedly influenced by the verdict in the instant case. Therefore the judgment in case No. 6156, entered at the January Session 1963, is vacated. This,

of course, does not prevent the State from praying, at any time within the 5 year period of suspension, that the sentence in the 1960 case be put into effect, if a condition of its suspension is broken.

New trial.