JOHN JENKINS v. ROSE LEE THOMAS AND CHARLIE WILLIS THOMAS.

(Filed 19 December 1963.)

**Automobiles § 41l—**

Evidence disclosing that a pedestrian, instead of crossing at an intersection where he had the right of way, G.S. 20-174(a), elected to cross some 100 feet south of the intersection, and that he was struck by defendant motorist who was traveling, with his lights on, some 25 miles per hour in a 35 mile per hour zone, *is held* to warrant nonsuit in the absence of evidence not only that plaintiff was oblivious to the danger but that defendant saw, or in the exercise of reasonable care should have seen, that plaintiff was not aware of the approaching danger.

APPEAL by plaintiff from *Froneberger, J.,* July 22, 1963 Regular Civil Session of GASTON.

Plaintiff was injured when struck by an automobile owned by feme defendant, operated by male defendant. Plaintiff alleged his injuries resulted from the negligent operation of the motor vehicle. Defendants denied the injuries were caused by their negligence, but if so, plaintiff was contributorily negligent. Plaintiff replied defendants had the last clear chance to avoid the injury.

The court allowed defendants' motion to nonsuit, made at the conclusion of plaintiff's evidence. Plaintiff appealed.

*Horace M. DuBose, III and Donald E. Ramseur for plaintiff appellant.*

*Hollowell & Stott by Grady B. Stott for defendant appellees.*

PER CURIAM. Plaintiff's evidence is sufficient to establish these facts: The collision occurred about 9:00 p.m. when he was crossing Chester Street, U.S. Highway 321, in Gastonia. Chester Street runs north and south. It is approximately forty-five feet wide, paved, with paved sidewalks on each side. Allison Street runs east and west. It intersects the eastern side line of Chester but does not cross that street. There are dirt walkways on each side of Allison. About one hundred feet south of the intersection of Chester and Allison is a dirt path frequently used by pedestrians in going from Chester to Boyce Street which is west of and parallel to Chester. Plaintiff walked westwardly along Allison until he came to Chester. He then turned on Chester until he came to a "No Parking" sign near the southeast corner of the intersection of Chester and Allison. There he turned southwestwardly to cross Chester, intending to follow the path to Boyce Street. Before leaving the sidewalk, he looked. He saw no motor vehicle going south, but did see a vehicle going north. It was traveling

forty to forty-five m.p.h. He waited for that vehicle to pass. He then stepped in the street, crossing it diagonally in a southwestwardly direction, intending to enter the path. He was struck by defendants' vehicle when about three or four steps from the western curb of Chester Street and one hundred feet or thereabouts south of the intersection. Defendants were traveling south at a speed of twenty-five m.p.h. The maximum speed limit at the point where plaintiff was injured was 35 m.p.h. The highway was straight in each direction for three hundred yards or thereabouts. Defendants, going south, were going uphill. (The grade is not disclosed.) Plaintiff saw the bright lights of defendants' vehicle just a flash of an eye before he was struck.

Where Chester and Allison join is, by statutory definition, an intersection. G.S. 20-38(1). Even though there was no marked crosswalk at that point, a pedestrian crossing there had the right of way over a motorist traversing the intersection. G.S. 20-174(a). Plaintiff elected not to cross at a point where he had the right of way, but elected to cross at a point where the motorist had the right of way. Defendants, having the right of way, had the right to assume, until put on notice to the contrary, that the pedestrian would obey the law and yield the right of way. The mere fact that the pedestrian is oblivious to danger does not impose a duty on the motorist to yield the right of way. That duty arises when, and only when, the motorist sees, or in the exercise of reasonable care should see, that the pedestrian is not aware of the approaching danger and for that reason will continue to expose himself to peril. *Rosser, Admr. v. Smith, ante,* 647, *Griffin v. Pancoast,* 257 N.C. 52, 125 S.E. 2d 310; *Garmon v. Thomas,* 241 N.C. 412, 85 S.E. 2d 589.

Plaintiff failed to carry the burden of showing negligence imposing liability on defendants.

Affirmed.