WILLIAM EUGENE WISE, ADMINISTRATOR OF THE ESTATE OF LUTUS WISE, DECEASED v. HOWARD TARTE.

(Filed 16 December, 1964.)

**Automobiles § 45—**

Nonsuit *held* proper upon evidence tending to show that intestate had poor eyesight and walked into the highway in the path of defendant's car, and that defendant did not have time or opportunity to avoid the accident after he discovered or should have discovered that intestate was insensible to the danger.

APPEAL by plaintiff from *Braswell, J.,* March 1964 Session of Co-LUMBUS.

Plaintiff seeks compensation for the alleged negligent killing of Lutus Wise (intestate) on the afternoon of July 24, 1960. Defendant's motion for nonsuit, made at the conclusion of plaintiff's evidence, was allowed. Plaintiff excepted and appealed.

*James L. Cole, Edward L. Williamson, Benton H. Walton, III, for plaintiff appellant.*

*Johnson, McIntyre, Hedgpeth, Biggs & Campbell for defendant appellee.*

PER CURIAM. The evidence taken in the most favorable aspect for plaintiff would permit a jury to find these facts: Defendant was, on Sunday, July 24, 1960, driving westwardly on U.S. 74 from Wilmington toward Whiteville. It was a clear day. He reached Delco about 6 p.m. The road from that point for more than a mile to the west, the direction in which defendant was traveling, was straight and practically level. It was paved, 22 feet in width, with 8 foot shoulders on each side. The road crosses Livingston's Creek .8 of a mile west of Delco. A filling station, on the north side of the highway, is 150-175 feet east of Livingston's Creek Bridge. A railroad is to the south of and parallels the highway. There is a ravine between the highway and the railroad. Intestate came from the ravine to the south shoulder of the highway east of the bridge. He stopped at, or near, the edge of the road. He looked both to the west and to the east. He called to someone at the filling station. He then started across the highway.

Defendant, traveling at 50 miles per hour, saw intestate come from the ravine, stop at the edge of the shoulder, look in each direction and then start across the highway. Defendant had passed the filling station, and was 120 feet from the bridge, when intestate came to the highway.

Intestate was struck in the northern lane. The right front headlight was broken by the impact. Glass from the headlight marked the point of impact. Defendant skidded his car for a distance of 69 feet, 39 feet before he struck intestate and 30 feet beyond the point of impact. The car stopped with the front end on the bridge.

Intestate's "eyesight wasn't what you would call perfect, but he could see." Defendant did not know intestate prior to the collision. There was nothing to inform him that intestate's vision was not perfect.

Plaintiff's contributory negligence is patent. *Blake v. Mallard,* 262 N.C. 62, 136 S.E. 2d 214. In fact, plaintiff specifically pleads his intestate's negligence but, he would avoid its effect by asserting defendant had the last clear chance to avoid the unfortunate results of intestate's negligence.

Defendant's duty to act arose only after he knew, or in the exercise of due care should have known, the pedestrian was insensible to danger. *Jenkins v. Thomas,* 260 N.C. 768, 133 S.E. 2d 694. If liability is to be imposed, he must then have a "clear chance" to avoid injury. Here, the evidence fails to show such an opportunity.

The judgment is

Affirmed.