Earle v. Wyrick

---

SAMUEL W. EARLE, ADMINISTRATOR OF THE ESTATE OF JULIANNE EARLE, DECEASED v. LOUISE MARTIN WYRICK

No. 7418SC427

(Filed 5 June 1974)

1. **Automobiles § 90— contributory negligence of pedestrian — walking on left — yielding to traffic — instructions proper**

In a wrongful death action where the evidence tended to show that plaintiff's intestate was walking in the left lane when he was struck by a car approaching from the rear and in the right lane, the trial court did not err in charging, on the issue of plaintiff's intestate's contributory negligence, that it is unlawful for a pedestrian to walk along the traveled portion of any highway except the extreme left-hand side, and even when walking on the left side, a pedestrian must yield the right-of-way to approaching traffic.

2. **Automobiles § 89— last clear chance — sufficiency of evidence to require submission to the jury**

Where there was evidence in a wrongful death action that defendant should have perceived the danger of plaintiff's intestate if defendant had kept a proper lookout, but there was no evidence as to when defendant should have made this perception, the trial court did not err in refusing to submit to the jury the issue of last clear chance.

APPEAL by plaintiff from *Crissman, Judge,* 22 October 1973 Civil Session of Superior Court held in GUILFORD County (Greensboro Division).

Plaintiff instituted this action to recover damage for the wrongful death of his intestate. Issues of negligence and contributory negligence were submitted to the jury and answered in the affirmative. From judgment in favor of defendant, plaintiff appealed.

*Schoch, Schoch, Schoch and Schoch, by Arch K. Schoch, and John T. Manning, for plaintiff appellant.*

*Jordan, Wright, Nichols, Caffrey & Hill, by Welch Jordan and Karl N. Hill, Jr., for defendant appellee.*

BRITT, Judge.

[1] Plaintiff first assigns as error that portion of the jury instructions wherein the court charged, on the issue of plaintiff's intestate's contributory negligence, that it is unlawful for a pedestrian to walk along the traveled portion of any highway except the extreme left-hand side, and even when walking on the left side, a pedestrian must yield the right-of-way to approaching traffic. Plaintiff contends that the evidence in this case tended to show that his intestate was walking in the left lane and was struck by a car approaching from the rear and in the right lane; that intestate had no duty to yield the right-of-way to a car not approaching from the front, thus the jury was misled.

In *State v. Harrington,* 260 N.C. 663, 133 S.E. 2d 452 (1963), a manslaughter case, the facts were similar to those herein that defendant struck the victims in the left lane after approaching from behind them. Defendant requested the trial court to instruct the jury that "[i]t is the duty of a pedestrian walking along the left hand side of a highway to yield the right of way not only to traffic that approaches such pedestrian from the front but also to yield the right of way to traffic that approaches such pedestrian from the rear." The trial court denied the request. The Supreme Court ruled that while contributory negligence is no defense in a criminal action, in a case in which defendant is charged with manslaughter by reason of his alleged culpable negligence, the negligence of the person fatally injured is relevant and material on the question of proximate cause, and

the trial court erred in denying the instruction. In the light of that decision, we hold that the instruction challenged here was correct.

Plaintiff also contends on this assignment that the court failed to instruct on the duty of a motorist to drive in the right half of the highway and that this bore on the question of intestate's contributory negligence. In view of our holding that intestate could have been contributorily negligent by failing to yield the right-of-way to a vehicle approaching from the rear, this contention can relate only to the question of defendant's negligence. Plaintiff can, therefore, show no prejudice since the jury found that defendant was negligent. This assignment is overruled.

[2] Plaintiff's second assignment presents the question of whether the court erred in refusing to submit to the ·jury the issue of last clear chance. We hold that it did not. The evidence was to the effect that: Plaintiff's intestate and a companion were walking on a street in a residential section. They were walking in the left lane, 2 or 3 feet from the center line, in such a manner as to face oncoming traffic. A car approached from the front and put its lights on high beam at about 100 to 125 feet away. The companion ran to the curb of the left lane and on reaching said curb, she heard a thump and turned to see intestate sliding along the pavement in front of defendant's car which had approached from the rear. The area was' partially lighted by streetlights and lights of nearby homes; and, defendant saw intestate for less than a second before the collision.

There is evidence to show that defendant should have perceived the danger of plaintiff's intestate if defendant had kept a proper lookout, but there is no evidence as to when defendant should have made this perception. It is necessary for the submission of the issue that there be some evidence that defendant had a *clear* chance to avoid the injury. *Wise v. Tarte*, 263 N.C. 237, 139 S.E. 2d 195 (1964). This assignment is likewise overruled.

No error.

Chief Judge BROCK and Judge CAMPBELL concur. ·