STATE OF NORTH CAROLINA v. CHARLES W. ELLIS

No. 744SC1069

(Filed 2 April 1975)

**Automobiles § 114— involuntary manslaughter — negligence by defendant and victim — instructions**

Court's instruction allowing the jury to find defendant guilty of involuntary manslaughter if they believed the collision resulting in the decedent's death was caused by the concurring negligence of defendant and the decedent was not erroneous since one can be guilty of involuntary manslaughter whenever his culpable negligence is *a* proximate cause of the victim's death.

APPEAL by defendant from *Webb, Judge.* Judgments entered 24 September 1974 in Superior Court, ONSLOW County. Heard in the Court of Appeals 11 March 1975.

Defendant was tried on a bill of indictment charging him with manslaughter and a warrant charging him with operating a motor vehicle upon a public highway while under the influence of intoxicants, the latter charge having been appealed from district court. The cases were consolidated for trial and defendant pleaded not guilty to both charges.

Evidence for the State tended to show: On the night of 22 June 1974, after drinking 23 or 24 beers, defendant was operating an automobile on the highway between Swansboro and Jacksonville, in Onslow County. He collided with a motorcycle being operated in the opposite direction by Albert Charles Cook who died from injuries resulting from the collision. Defendant told investigating police that he was in his left lane of the highway when the collision occurred. A breathalyzer test adminis-

tered to defendant following the collision revealed a blood alcohol content of .14 percent.

As a witness for himself, defendant testified: Before beginning his drive from Swansboro to Jacksonville, he had consumed only five beers and was sober at the time of the collision. He collided with the motorcycle for the reason that it suddenly appeared in front of him in his right lane of travel. He did not have time to avoid the collision although he swerved to the left in an effort to miss the motorcycle.

The jury found defendant guilty of involuntary manslaughter and of driving while under the influence of intoxicants. From judgment imposing prison sentence of not less than five nor more than seven years on the manslaughter charge, and judgment imposing a concurrent sentence of six months on the driving under the influence charge, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Archie W. Anders, for the State.*

*Hamilton & Sandlin, by Billy G. Sandlin, for defendant appellant.*

BRITT, Judge.

In his only assignment of error, defendant contends the trial court erred in its charge to the jury "with regard to proximate cause of the collision and resulting death". He argues that the challenged instruction improperly relaxed the State's burden of proof and allowed the jury to find defendant guilty of involuntary manslaughter even if they believed that the collision was caused by the concurring negligence of defendant and Cook. The argument is not convincing. Our Supreme Court has held that one can be guilty of involuntary manslaughter whenever his culpable negligence is *a* proximate cause of the victim's death. *State v. Harrington,* 260 N.C. 663, 133 S.E. 2d 452 (1963); *State v. Phelps,* 242 N.C. 540, 89 S.E. 2d 132 (1955).

We hold that the challenged instruction, when considered with the remainder of the charge, was free from prejudicial error.

No error.

Judges MORRIS and ARNOLD concur.