JANIE M. CLARK v. ABRAHAM BODYCOMBE

No. 7515SC278

(Filed 1 October 1975)

**Automobiles §§ 62, 83— striking pedestrian — absence of negligence — contributory negligence**

In an action to recover damages for personal injuries sustained by plaintiff when she was struck by defendant's automobile, plaintiff's evidence was insufficient to show negligence by defendant and established her own contributory negligence as a matter of law where it tended to show that plaintiff was walking westerly on the right-hand side of the street, the weather was misty and hazy, defendant

Clark v. Bodycombe

was driving on the street in a westerly direction, plaintiff stepped into the street to go around an automobile parked in a driveway and was struck by defendant's automobile, defendant's headlights and windshield wipers were on, defendant has had two cataract operations and his peripheral vision is limited, and 73 feet of medium skidmarks were found in the westbound lane of the street leading to defendant's car and veering to the right.

Judge CLARK dissenting.

APPEAL by plaintiff from *Godwin, Judge.* Judgment entered 12 November 1974 in Superior Court, ORANGE County. Heard in the Court of Appeals 9 June 1975.

Plaintiff instituted this action seeking to recover damages for personal injuries sustained when she was struck by an automobile driven by defendant. The accident occurred on 14 December 1972 at approximately 5:15 p.m. on West Rosemary Street in Chapel Hill.

In her complaint plaintiff alleged that defendant was negligent in operating his automobile at an excessive speed under existing conditions and in failing to keep a proper lookout. Defendant denied negligence and alleged that plaintiff was contributorily negligent in failing to keep a proper lookout for her own safety and in failing to yield the right-of-way while crossing the street at a place not an intersection.

The cause came on for hearing and both parties testified, defendant as an adverse witness for plaintiff. At the close of all the evidence the court granted defendant's motion for directed verdict. From judgment dismissing the action, plaintiff appealed to this Court.

*Joseph I. Moore and James R. Farlow, by James R. Farlow, for plaintiff appellant.*

*Haywood, Denny & Miller, by George W. Miller, Jr., for defendant appellee.*

ARNOLD, Judge.

The sole question presented by this appeal is whether the evidence was sufficient to submit the case to the jury. Plaintiff is entitled to have her evidence taken in the light most favorable to her, giving her the benefit of every reasonable inference to be drawn therefrom and resolving contradictions in her favor, and to have considered only so much of defendant's evidence

as is favorable to her. *Bowen v. Gardner,* 275 N.C. 363, 168 S.E. 2d 47 (1969); *Rosser v. Smith,* 260 N.C. 647, 133 S.E. 2d 499 (1963).

From the evidence, viewed in this manner, the jury could have found the following facts:

Plaintiff, then a sixty-two year old woman, was walking westerly on the right-hand side of Rosemary Street between Columbia Street and Pritchard Avenue. The weather was misty and hazy. Plaintiff was wearing a light blue and grey coat. She came to a driveway where an automobile blocked her path. Seeing no vehicles approaching, she stepped no more than a foot into the street and walked around the car. She had almost reached the other side of the driveway when she was hit. That was all she remembered. She was found lying in the street about two feet from the curb.

Defendant testified that he was proceeding west on Rosemary Street following a line of traffic at a speed of twenty to twenty-five miles per hour. His automobile headlights and windshield wipers were on. He has had two cataract operations, and, although he wears glasses which correct his vision to twenty-forty, his peripheral vision is limited. At the time of the accident his vision was further impaired by the lights of oncoming traffic. He saw a shadow to his left and struck a person on the left side of his car. Some 73 feet of medium skidmarks were found in the westbound lane of Rosemary Street, leading to defendant's car and veering to the right.

From the foregoing facts, we are of the opinion that plaintiff has failed to make out a case of negligence on the part of defendant and moreover has established her own contributory negligence as a matter of law.

At the time of the accident, plaintiff was under a duty to yield the right-of-way and to walk on the left side facing approaching traffic. Defendant had the right-of-way subject to a duty to exercise reasonable care and avoid colliding with plaintiff. G.S. 20-174(a), (d) and (e). Plaintiff also had a duty to exercise reasonable care for her own safety. *Jenkins v. Thomas,* 260 N.C. 768, 133 S.E. 2d 694 (1963); *Rosser v. Smith, supra; Garmon v. Thomas,* 241 N.C. 412, 85 S.E. 2d 589 (1955). There is no evidence that defendant's automobile was traveling at excessive speed. While evidence of skidmarks suggests that defendant became aware of plaintiff's presence sooner than he

indicated in his testimony, there is no evidence that plaintiff was unaware of the approaching automobile or was unable to remove herself from its path. *Garmon v. Thomas, supra.* See *Jenkins v. Thomas, supra.* See also *Tysinger v. Dairy Products,* 225 N.C. 717, 36 S.E. 2d 246 (1945).

Plaintiff had the burden of showing both negligence and proximate cause. See *Tysinger v. Dairy Products, supra.* The evidence in this case does not show actionable negligence on the part of defendant. His motion for directed verdict was properly granted. The order of the trial court is

Affirmed.

Judge MARTIN concurs.

Judge CLARK dissents.

Judge CLARK dissenting:

While the evidence is correctly stated in the majority opinion, it further appears that the defendant was 81 years of age and had limited peripheral vision. The evidence relating to the circumstances of the impact is conflicting. According to defendant's version, plaintiff ran across the street from his left and was struck by the left front of his car near the center of the street. According to plaintiff's version, she walked "no more than three inches from the curb" behind the car parked in the driveway and was almost across the driveway when struck.

We attach some significance to the facts that the westbound lane of the street was more than 13 feet wide; that the 1968 Ford was about six feet wide; and that the tire marks extending behind the car for 78 feet veered to the right from near the street center to the right side, the car stopping not more than two feet from the curb.

Considering the evidence in the light most favorable to the plaintiff, it is my opinion that the evidence was sufficient to take the case to the jury on the issue of defendant's negligence and that it does not establish her contributory negligence as a matter of law. I feel that the directed verdict was improvidently granted.