STATE OF NORTH CAROLINA v. THOMAS VICTOR TIORAN

No. 8321SC147

(Filed 15 November 1983)

**Automobiles and Other Vehicles § 114— failure to instruct on intervening negligence — error**

> In a prosecution in which defendant was convicted of two counts of death by vehicle, the trial court erred in failing to instruct on the intervening negligence of another as a defense where the theory of defendant's defense was that the negligence of another intervened between defendant's negligence and the fatal collision, so as to insulate defendant's negligence and since there was evidence to support defendant's theory.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered in FORSYTH County Superior Court 24 September 1982. Heard in the Court of Appeals 19 October 1983.

Defendant was convicted of two counts of death by vehicle. The evidence for the state tended to show the following events and circumstances. On 25 June 1982, at about 4:45 p.m., William Merryman was driving his Oldsmobile in an easterly direction on Interstate Highway 40, east of Winston-Salem, approaching the intersection of the Linville Road bridge. At that place, I-40 has two lanes for traffic moving east. Merryman was in the right-hand lane. When Merryman reached a point about 100 feet from the bridge, a truck, driven by defendant, moved from a parked position on the shoulder of the highway into Merryman's lane of travel. Merryman's speed was between fifty and fifty-five miles per hour. Without looking to his left or to his rear, Merryman swerved his car partly into the left-hand lane. Almost instantly, he observed a brown Datsun passing him on the left, its left wheels on the dirt shoulder of the road. Merryman swerved back to the right, the Datsun passed him, hit defendant's truck a glancing blow, went out of control and crossed the median into the west-bound traffic lanes, where it was struck by a large truck. The two persons in the Datsun were killed. Merryman pulled in behind defendant's truck and both vehicles stopped. Investigating officers noticed the odor of alcohol on defendant's breath and other signs of possible intoxication. A breathalyzer test administered about two hours later showed defendant to have a blood alcohol level of .11 per cent.

Defendant's evidence tended to show that defendant parked his truck on the shoulder of the road to investigate a noise in the rear of the truck. Defendant had consumed two cans of beer but was not intoxicated. As defendant prepared to resume his journey, he turned on his left turn signal, looked to his rear, allowed three cars to pass, observed Merryman's car about 400 feet behind him traveling in the right-hand lane. As defendant entered the highway, Merryman began to change lanes. The Datsun then appeared, Merryman pulled back in behind defendant, the Datsun passed Merryman's car, hit the side of defendant's truck, went out of control and crossed the median. Merryman's car never came closer than fifty feet to defendant's truck. Before swerving to his left, Merryman did not look to his rear or to his left. When he first swerved to his left, he may have applied his brakes to some degree, but not forcefully, and Merryman did not reduce his speed upon observing defendant's truck entering the highway nor before turning his car into the left-hand lane of travel.

From judgment entered on the verdicts, defendant has appealed.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General Philip A. Telfer, for the State.*

*Drum and Lefkowitz, by Victor M. Lefkowitz, for defendant.*

WELLS, Judge.

The principal question we decide in this appeal is whether a defendant charged with death by vehicle under G.S. § 20-141.4[1] may assert the intervening negligence of another as a defense. We answer that question in the affirmative and order a new trial.

---

1. § 20-141.4. Death by vehicle.—(a) Whoever shall unintentionally cause the death of another person while engaged in the violation of any State law or local ordinance applying to the operation or use of a vehicle or to the regulation of traffic shall be guilty of death by vehicle when such violation is the proximate cause of said death. (b) A violation of this section shall constitute a misdemeanor, punishable by a fine of not more than five hundred dollars ($500.00) or imprisonment for not more than two years, or both, in the discretion of the court. (c) No person who has been placed in jeopardy upon a charge of death by vehicle shall subsequently be prosecuted for the offense of manslaughter arising out of the same death; and no person who has been placed in jeopardy upon a charge of manslaughter shall subsequently be prosecuted for death by vehicle arising out of the same death.

In the case now before us, defendant requested the trial court to instruct the jury on intervening negligence. His request was refused. Defendant contends that the theory of his defense was that the negligence of William Merryman intervened between defendant's negligence and the fatal collision, so as to insulate defendant's negligence. In support of his argument, defendant cites and relies upon *State v. Harrington*, 260 N.C. 663, 133 S.E. 2d 452 (1963).

In *Harrington*, the defendant was charged with manslaughter growing out of the negligent operation of his automobile, resulting in the deaths of two children. The theory defendant asserted at trial was that the deaths of the two children were proximately caused by the negligence of the driver of another automobile or by the contributory negligence of the victims. At trial, defendant requested the trial court to charge the jury as to the duty of the victims to yield the right-of-way to defendant, pursuant to G.S. § 20-174(d). The supreme court, in holding that it was error for the trial court to refuse the charge, said:

Contributory negligence is no defense in a criminal action. However, in a case in which defendant is charged with manslaughter by reason of his alleged culpable negligence, the negligence of the person fatally injured, or of a third person, is relevant and material on the question of proximate cause. . . . It is true that the deceased boys were only 7 and 10 years of age. As a matter of law, a child under 7 years of age is incapable of negligence. An infant between the ages of 7 and 14 is presumed incapable of negligence, but the presumption is rebuttable. . . . These are rules of law by which it is determined in civil cases whether the suit by an infant for negligent injury is barred by his contributory negligence. In a criminal action based on culpable negligence the presumption of incapability of negligence by an infant between the ages of 7 and 14 does not shift the burden of proof to, or cast any burden upon, defendant. The inquiry is whether the culpable conduct, if any, of defendant was a proximate cause of the death. If under all the circumstances the conduct of the infant was such as to create in the minds of the jury a reasonable doubt that the acts of defendant constituted a proximate cause of death, defendant should be acquitted.

The defendant is entitled to have the jury consider, on the question of proximate cause, whether the conduct of the driver of the vehicle he attempted to pass, or the conduct of the infants in violating G.S. 20-174(d), or both together, was the proximate cause of the death of the infants. There is no conflict in the evidence relative to the conduct of the infants or of the driver of the other car — and if there were conflicting evidence, the rule would be the same. The contention of defendant that death was proximately caused by such conduct is, perhaps, his strongest line of defense. The charge of the court does not touch upon these matters in any respect. The jury must not only consider the case in accordance with the State's theory of the occurrence but also in accordance with the defendant's theory. . . . Defendant in apt time requested that the law bearing upon his theory of the case be presented to the jury. He was merely asking the court to charge the law arising on the evidence. . . . Justice and the law countenance nothing less. [Citations omitted.]

The foregoing rules applied by the court in *Harrington* are consistent with the rules in civil actions for negligent injury to the effect that where the negligence of one or more persons combines or concurs in causing injury to another, the question of whether the intervening negligence of another tort-feasor will operate to insulate the negligence of the original tort-feasor is ordinarily a question for the jury. *See Bryant v. Woodlief*, 252 N.C. 488, 114 S.E. 2d 241 (1960), and cases cited and discussed therein; *Davis v. Jessup and Carroll v. Jessup*, 257 N.C. 215, 125 S.E. 2d 440 (1962); and *Hester v. Miller*, 41 N.C. App. 509, 255 S.E. 2d 318, *disc. rev. denied*, 298 N.C. 296, 259 S.E. 2d 913 (1979).

There was evidence in the trial tending to show that William Merryman's negligence followed defendant's negligence. Under such circumstances, it was for the jury to determine whether Merryman's negligence was such as to break the causal connection between defendant's negligence and thus become the proximate cause of the victim's death, and defendant was entitled to have the jury so instructed.

In another assignment of error, defendant contends that the trial court erred in denying his motion to dismiss the charge of involuntary manslaughter, for lack of evidence of culpable negli-

gence by defendant. The jury's verdict having exonerated defendant of the manslaughter charge, he shows no prejudice in this assignment of error. *See State v. Elkerson*, 304 N.C. 658, 285 S.E. 2d 784 (1982).

For the reasons stated, there must be a

New trial.

Chief Judge VAUGHN and Judge JOHNSON concur.