Woodrow and Betty **FREY**

v.

Gerald **WOODARD**, et al.

Civ. A. Nos. 79–1458, 80–1533.

United States District Court,
E.D. Pennsylvania.

Jan. 18, 1984.

Charles J. Hair, Frank J. Madey, Allentown, Pa., for plaintiffs.

Michael P. Shay, Sigmon & Ross, Bethlehem, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

In our Memorandum and Order of April 12, 1983, 565 F.Supp. 386, we granted summary judgment on behalf of defendants Joe McCracken and the United States of America. In so doing, we determined that, as a matter of law,

> North Carolina would not impose liability upon a driver who indicates to pedestrians that they may proceed across his lane of traffic and [, upon so proceeding,] are subsequently injured in an adjacent lane. (Memorandum at p. 3)

> .   .   .   .   .

> Hence, plaintiffs' presence on the highway, rather than the truck's surge or lurch, was the cause of the accident; absent their wrongful reliance upon the driver's signal the accident could not have occurred and plaintiffs could have safely avoided the surging truck by crossing into the adjacent lane without incident. (Memorandum at pp. 5–6).

Presently at bar, is the motion for summary judgment of the remaining defendant, Gerald Dean Woodard. Woodard was the driver of the vehicle which struck the plaintiffs. Our review of the undisputed facts as taken primarily from the pleadings, depositions, and admissions in this case has revealed that no genuine issues of material fact exist, and that Woodard is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 468, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962).

■ Briefly stated, the undisputed facts show that on the date of the accident, plaintiffs Woodrow and Betty Frey were attempting to cross a six-lane highway in Jacksonville, North Carolina. Plaintiffs were neither crossing at the intersection nor at a crosswalk. They successfully crossed the first three lanes, stopped briefly at the medial strip, and then started to cross the remaining three lanes. Traffic in the first two of the remaining three lanes was either stopped or in the process of stopping for a red light. Plaintiffs passed through the lane closest to the medial strip and entered the middle lane in front of a government truck being driven by Sergeant McCracken. McCracken had stopped the truck and motioned to the plaintiffs to walk in front of it. While plaintiffs were in front of the truck it suddenly and inexplicably bucked forward. Plaintiffs, fearing that the truck might pin them against the vehicle in front of it, leaped without looking into the final lane and were struck by Woodard's oncoming car. Unlike the prior two lanes, the final lane had an arrow which permits vehicles traveling in it to continue moving and to make a right turn at the intersection. Moreover, that lane separates from the other two lanes and funnels traffic onto the intersecting highway. A police investigation of the skid mark left by the Woodard vehicle showed that the vehicle had stopped at the point of, and immediately upon, impact with the plaintiffs.

Under North Carolina law [1], "[e]very pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway." N.C.GEN. STAT. § 20–174(a). Applying this law to motor vehicle negligence cases, the Supreme Court of North Carolina held that where a plaintiff pedestrian chooses to cross at a point where a defendant motorist has the right of way, the motorist has

> the right to assume, until put on notice to the contrary, that the pedestrian would obey the law and yield the right of way. The mere fact that the pedestrian is oblivious to danger does not impose a duty on the motorist to yield the right of way. That duty arises when, and only when, the motorist sees, or in the exercise of reasonable care should see, that the pedestrian is not aware of the approaching danger and for that reason will continue to expose himself to peril.

*Jenkins v. Thomas*, 260 N.C. 768, 133 S.E.2d 694, 696 (1963).

In light of the holding of *Jenkins*, and under the undisputed facts of the instant case, we are convinced that the defendant Woodard is not, as a matter of law, negligent. There is nothing which would indicate that Woodard, through the use of reasonable care, could have or should have seen the plaintiffs before they jumped from behind the truck and into his lane of travel. The fact that his vehicle was moving decreased the likelihood that he would see or anticipate the plaintiffs' appearance in front of him. Nonetheless, any chance he may have had to see them was prevented by the Government truck, the position of which was such that it hid the plaintiffs from his view until they blindly leaped into his path. Under these circumstances, it is remarkable that the defendant was able to bring his car to a halt so quickly. Moreover, his ability to stop the car exactly at the point of impact is further evidence of the reasonable manner in which he was

---

**1.** Implicit in our Memorandum and Order of April 12, 1983, was our determination that, under existing conflict of laws rules, North Carolina law applies to the case at bar.

driving. Therefore, we hold that, under North Carolina law, Woodard owed no duty to the plaintiffs and was not negligent. There is nothing in the record that would indicate a contrary result.

Our holding finds further support in the case of *Dendy v. Watkins*, 288 N.C. 447, 219 S.E.2d 214 (1975), the relevant facts of which are virtually identical to those of the case at bar. In *Dendy*, the plaintiff attempted to cross a six-lane highway at a point where there was neither an intersection nor a marked crosswalk. At the time plaintiff began to cross, traffic was backed up in each of the first two lanes because of a red light. Plaintiff crossed between cars in the first two lanes without incident. The cars in the third lane, that being the closest to the medial strip, were backed up to within a couple of car lengths from where plaintiff was crossing the road. Prior to entering the third lane he looked at the light and saw it was still red. He then looked in the opposite direction and saw no traffic coming. As he walked through the third lane, he glanced at the light again and saw it had turned green. He was about four feet from the medial strip at this point. Almost immediately he heard a car braking. He saw the defendant's vehicle only fifteen feet away and it impacted with him a split second later. The car came to rest almost immediately after impact.

The trial court granted the defendant's motion for summary judgment, holding that, under the facts, the defendant was not negligent and the plaintiff was contributorily negligent. The Court of Appeals reversed the trial court. However, the Supreme Court reversed the Court of Appeals agreeing with the trial court that the defendant was not, as a matter of law, negligent and that the plaintiff was, as a matter of law, contributorily negligent.

In holding that the defendant was not negligent as a matter of law, the North Carolina Supreme Court stated

> There is absolutely nothing in our record to indicate that the defendant ever saw the plaintiff or by the exercise of reasonable care could have seen him prior to

the time he emerged from between the cars in the first and second lanes. In this kind of situation, a duty rests on the defendant only when he sees, or in the exercise of reasonable care should have seen, that the pedestrian is not aware of the approaching danger and for that reason will continue to expose himself to peril. From the record there is obviously no way that the defendant could have seen the plaintiff until he appeared in the third lane. Defendant was traveling at a reasonable and prudent speed under the circumstances which is indicated by the fact that he was able to stop the car almost instananeously.

*Dendy, supra* 219 S.E.2d at 219.

We find the facts of the case at bar even more compelling than those of the *Dendy* case in two respects. First, the defendant Woodard was travelling in a lane that had a green light, unlike the defendant in *Dendy* who had a red light which apparently turned green at some point subsequent to plaintiff's entering his lane of traffic. Secondly, the instant plaintiffs jumped into Woodard's lane without looking. In *Dendy*, the plaintiff looked to see the light was still red and looked to see if traffic was coming prior to entering the defendant's lane.

While we recognize, as did the court in *Dendy*, that summary judgment in negligence cases is only appropriate under exceptional circumstances,

> where, as here, there is no genuine issue of material fact and reasonable men could only conclude that defendant was not negligent, then a motion for summary judgment is proper.

*Dendy, supra*, at 219.

■ On the issue of contributory negligence the North Carolina courts have held that a pedestrian's failure to yield the right-of-way is not contributory negligence *per se*, but rather only evidence of contributory negligence. *Dendy, supra* at 220; *Landini v. Steelman*, 243 N.C. 146, 90 S.E.2d 377 (1955). However, the courts have found a duty upon pedestrians to use ordinary care to protect themselves from

danger. *Blake v. Mallard*, 262 N.C. 62, 136 S.E.2d 214, 216–217 (1964); *Dendy, supra* 219 S.E.2d at 220. That duty requires vigilance commensurate with the danger to which a plaintiff exposes himself. *Blake, supra*, 136 S.E.2d at 216–217.

Applying these principles to the facts of the *Dendy* case, the Supreme Court of North Carolina held that

> [i]f [the plaintiff] had looked, he would have seen the vehicle. A pedestrian who crosses the street at a point where he does not have the right-of-way must constantly watch for oncoming traffic before he steps into the street and while he is crossing. The trial court correctly concluded that the plaintiff was guilty of contributory negligence as a matter of law. [citations omitted].

*Dendy, supra* 219 S.E.2d at 220.

Again, finding that the facts of the instant case are more compelling than those of *Dendy*, we hold that the plaintiffs are, likewise, contributorily negligent as a matter of law.

An appropriate order shall follow.