STATE OF NORTH CAROLINA v. DANNY BAILEY

No. COA06-1461

(Filed 17 July 2007)

**Motor Vehicles— felony death by vehicle—instruction—contributory negligence not a defense in criminal action**

The trial court did not err in a felony death by vehicle case by denying defendant's requested jury instruction on contributory negligence, because: (1) contributory negligence is not a defense in a criminal action, and defendant's proposed instruction is counter to the jurisprudence of this state; (2) intervening negligence would be relevant as to whether defendant's actions were the proximate cause of decedent's death, but defendant did not request such an instruction; (3) even assuming decedent was negligent, her negligence, if any, would be, at most, a concurring proximate cause of her own death, and negligence must be such as to break the causal chain of defendant's negligence in order for negligence of another to insulate defendant from criminal liability; and (4) the State's evidence tended to show that defendant's blood alcohol content was over twice the legal limit, and this impairment inhibited defendant's ability to exercise due care and to keep a reasonable and proper lookout in the direction of travel.

Appeal by defendant from judgments entered 26 April 2006 by Judge W. Robert Bell in Burke County Superior Court. Heard in the Court of Appeals 23 May 2007.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General John W. Congleton, for the State.*

*Thorsen Law Office, by Haakon Thorsen, for defendant-appellant.*

HUNTER, Judge.

Danny Bailey ("defendant") appeals his conviction for felony death by vehicle entered on 26 April 2006. *See* N.C. Gen. Stat. § 20-141.4(a1) (2005). He argues that the trial court committed reversible error by denying his request for a jury instruction on contributory negligence. We disagree and find no error.

Shortly after noon on 9 June 2003, defendant was operating a vehicle southbound on Highway 18/64 in Burke County, North Carolina. The highway is a two-lane road with a solid yellow line on the southbound lane and a broken yellow line in the northbound lane.

The State's evidence tended to show that defendant's vehicle was traveling behind a blue Ford Aspire being operated by Kathy Baker ("Baker"). David Henschen ("Henschen") was traveling in the direction opposite to defendant and Baker. As Henschen approached the intersection of Highway 18/64 and Antioch Road, he observed Baker's vehicle come to a stop in the roadway in the southbound lane. Henschen testified to seeing smoke come from the tires of defendant's vehicle as defendant was approaching Baker's car. Henschen also witnessed defendant's vehicle collide with the rear of Baker's vehicle. The collision pushed Baker's vehicle into Henschen's travel lane. According to Henschen, he had no time to take evasive maneuvers and struck Baker's vehicle. Defendant's vehicle left 122 feet of skid marks prior to the point of impact with Baker's car and traveled another 102 feet after the collision. Baker was ejected from her car and died at the scene from her injuries.

Defendant was transported to the hospital. Once there, hospital personnel drew a blood sample from defendant. Tests of the blood sample yielded a blood alcohol concentration of 0.22. Defendant told hospital staff that he had consumed two beers and was taking Valium.

Approximately three and a half hours after the collision, Trooper W. A. Martin ("Trooper Martin") arrived at the hospital and interviewed defendant. Defendant told the trooper that he had consumed two beers. Trooper Martin observed that defendant had a strong odor of alcohol on his breath and that defendant was "mushmouthed." Trooper Martin then requested a second blood sample be tested which yielded a blood alcohol concentration of 0.18. Trooper Martin also administered psychophysical tests to defendant in an effort to determine whether defendant was intoxicated. On the walk-and-turn

test, defendant missed the line once. On the sway test, defendant did not follow all of Trooper Martin's instructions. On the finger-to-nose test, defendant missed his nose once and used the wrong hand twice. Trooper Martin concluded that defendant's performance on the tests was "[f]air."

John Hennings, an expert in accident reconstruction analysis, testified that the damage to the cars was consistent with defendant's vehicle traveling slower than forty miles per hour when it struck Baker's car. Defendant testified that he had been drinking the night before and into the early morning of 9 June 2003. He said that he had been following Baker for some time and that she had been driving erratically before suddenly stopping in the highway. Defendant stated that he could not stop in time nor could he swerve to the side because there was a ditch off the shoulder of the road.

Defendant presents one issue for this Court's review: Whether defendant is entitled to a new trial because the trial court denied his request for a jury instruction on contributory negligence.

I.

Defendant argues that the trial court erred in denying his request for a jury instruction on contributory negligence when the trial court submitted the charge of felony death by vehicle to the jury. The elements of felony death by vehicle are: (1) defendant unintentionally causes the death of another; (2) while driving impaired as defined by N.C. Gen. Stat. §§ 20-138.1 or 20-138.2 (2005); and (3) the impairment was the proximate cause of the death. N.C. Gen. Stat. § 20-141.4(a1). At trial, defendant argued that Baker was contributorily negligent in that she signaled to the right, did not pull off, and stopped in the middle of the road. In other words, defendant alleged that the proximate cause of Baker's death was not his impairment, but rather Baker's own negligence.

Defendant's proposed instruction would have required the jury to find defendant not guilty were the defense able to prove by a preponderance of the evidence that Baker was contributorily negligent. Specifically, defense counsel asked the trial court to instruct the jurors as follows:

> "Next, did the decedent, Kathy Baker, by her own negligence, contribute to her injury? On this issue, the burden of proof is on the Defendant. This means that the Defendant must prove, by the greater weight of the evidence, that Kathy Baker was negligent

and that such negligence was the proximate cause of Baker's own injury. If Kathy Baker's negligence joins with any negligence of the Defendant in proximately causing Baker's injuries, it is called contributory negligence, and you would return a verdict of Not Guilty of Felony Death by Motor Vehicle."

It is well settled, however, that " '[c]ontributory negligence is no defense in a criminal action.' " *State v. Tioran*, 65 N.C. App. 122, 124, 308 S.E.2d 659, 661 (1983) (quoting *State v. Harrington*, 260 N.C. 663, 666, 133 S.E.2d 452, 455 (1963)). Thus, defendant's proposed instruction is counter to the jurisprudence of this state.

Intervening negligence in cases such as this is relevant as to whether defendant's actions were the proximate cause of the decedent's death. *Harrington*, 260 N.C. at 666, 133 S.E.2d at 455. An instruction to that effect, if denied, would have warranted a new trial. *See State v. Hollingsworth*, 77 N.C. App. 36, 40, 334 S.E.2d 463, 466 (1985). Accordingly, this Court has granted a new trial where defendant requested an instruction on intervening negligence because the question of whether defendant's conduct was the proximate cause of death is a question for the jury. *Id.* In the instant case, however, defendant did not seek such an instruction. Moreover, the trial court accurately instructed the jury by stating that, " '[t]here may be more than one proximate cause of an injury. The State must prove beyond a reasonable doubt only that the defendant's negligence was a proximate cause.' " Accordingly, we find that the trial court did not err in denying defendant's requested instruction.

Even assuming Baker was negligent, "[i]n order for negligence of another to insulate defendant from criminal liability, that negligence must be such as to break the causal chain of defendant's negligence; otherwise, defendant's culpable negligence remains *a* proximate cause, sufficient to find him criminally liable." *Id.* at 39, 334 S.E.2d at 465. In the instant case, Baker's negligence, if any, would be, at most, a *concurring* proximate cause of her own death. *See id.* at 39, 334 S.E.2d at 466. This is especially true here, where the State's evidence tended to show that defendant's blood alcohol content was over twice the legal limit. This impairment inhibited defendant's ability to "exercise [] due care [and] to keep a reasonable and proper lookout in the direction of travel[.]" *Id.*

II.

In summary, we find that the trial court did not err when it denied defendant's requested jury instruction on contributory negligence

because such an instruction would not have been proper under the law of this state.

No error.

Judges ELMORE and GEER concur.