JOHNNIE ANDER RICHARDSON, BY AND THROUGH HIS NEXT FRIEND, LARCIE RICHARDSON v. CECIL RANDOLPH GRAYSON.

(Filed 4 May, 1960.)

**Negligence §§ 7, 28—**

An instruction on the issue of negligence which places the burden upon plaintiff to prove that defendant's negligence was the proximate cause of plaintiff's injuries held prejudicial, since the issue of negligence must be answered in the affirmative if defendant's negligence is a proximate cause of the injuries.

APPEAL by plaintiff from *Olive, J.,* at January Term, 1960, of WILKES.

Civil action to recover for personal injuries sustained by plaintiff in an automobile collision which occurred on the Traphill Road in Wilkes County, North Carolina, on 3 August, 1958. Automobiles operated by plaintiff and defendant respectively were proceeding in the same direction. At the time of the collision plaintiff was in the act of passing defendant, and defendant was in the act of turning to his left from the road into a private driveway.

The pleadings and evidence raised five issues which were submitted to the jury in the usual order as to: (1) Negligence of defendant, (2) Contributory negligence of plaintiff, (3) Damages to plaintiff, (4) Negligence of plaintiff, and (5) Damage to defendant. The jury answered the first issue (as to defendant's negligence) in the negative, and the fourth issue as to plaintiff's negligence in the affirmative.

To judgment in accordance therewith in favor of defendant, plaintiff excepts and appeals therefrom to Supreme Court and assigns error.

*McElwee, Ferree & Hall for plaintiff, appellant.*
*Hudson, Ferrell, Carter, Petree & Stockton, Whicker & Whicker, for defendant, appellee.*

WINBORNE, C. J. Of the many assignments of error, based upon exceptions to matters occurring in the course of the trial, and in the charge of the court to the jury, plaintiff groups, in his brief, and assigns as error several portions of the charge as to proximate cause on the first issue. Throughout the charge on this issue the court placed upon the plaintiff the burden of showing that defendant's negligence was *the* proximate cause of plaintiff's injury. This constitutes prejudicial error within the rulings in *Price v. Gray,* 246 N.C. 162, 97 S.E. 2d 844, and *Pugh v. Smith,* 247 N.C. 264, 100 S.E. 2d

503. Hence on authority of the the holding of the opinions of this Court in these two cases, there must be a new trial.

Therefore it is deemed unnecessary to expressly consider other assignments of error. They may not recur upon another trial.

For error pointed out, let there be a

New trial.