Lewis v. Fowler

ELLIOT LEWIS v. HENRY ROY FOWLER, ELISE CARMICHLE FOW-
LER, EVELYN PACE CRANFORD, AND BOBBY BUTTS BUICK,
INC.

No. 7420SC271

(Filed 3 July 1974)

1. Automobiles §§ 56, 60— skidding on ice — striking stopped vehicle —
sufficiency of evidence of negligence

In an action to recover for property damages sustained in an
automobile collision the trial court properly granted defendant Fowlers'
motion for directed verdict where the evidence tended to show that
defendant crossed an icy bridge, observed plaintiff's vehicle partly
blocking one lane of the highway ahead of him and another car partly
blocking the other lane several feet beyond plaintiff's car, defendant
skidded to a stop some twenty feet in front of plaintiff's car and
remained there just a few seconds, as defendant attempted to move
his vehicle from its stopped position he was hit by a third vehicle,
and the blow spun defendants' vehicle around and knocked it twenty
feet into the front of plaintiff's car, resulting in plaintiff's damages.

2. Automobiles §§ 56, 60— skidding on ice — striking stopped vehicle —
sufficiency of evidence of negligence

The trial court erred in directing verdicts in favor of defendants
Cranford and Bobby Butts Buick, Inc., where the evidence would
support but not compel findings that (1) defendant Cranford failed
to keep a proper lookout, since she did not see two cars some dis-
tance ahead of her, though the lights of the cars were on and de-
fendant's view was unobstructed, and (2) defendant Cranford was
driving at a speed greater than was reasonable and prudent under
the circumstances, since defendant applied her brakes but ceased
when she realized she was on ice, and, despite efforts to slow her
car, struck a pickup truck with such force that it was knocked twenty
feet into plaintiff's vehicle.

3. Automobiles § 70— stopping on highway — sufficiency of evidence of
negligence

The trial court in an automobile collision case erred in directing
verdicts in favor of plaintiff and against the counterclaims filed
against him by all defendants for personal injury and property
damages where the evidence tended to show that plaintiff stopped his
car opposite a car which had skidded on ice and come to rest partly
on the highway and that plaintiff's vehicle substantially blocked the
lane in which he was stopped, and where it was reasonably fore-
seeable that a substantial blockage of both traffic lanes immediately
to the west and downgrade from the icy bridge could cause a pile
up of vehicles which were crossing the bridge from the east.

APPEAL by all parties from directed verdicts entered by Mc-
Connell, Judge, at the September 1973 Session of Superior Court
held in MOORE County.

This litigation arises from a three-car collision which occurred on the night of 3 February 1971 when two of the cars skidded on the icy pavement of a bridge which carries U. S. Highway 15-501 over railroad tracks near Aberdeen, N. C. Each driver denies negligence on his part and contends the collision was caused by negligence of the other drivers. Plaintiff seeks recovery from all defendants for property damages to his automobile. Defendants Fowler seek recovery for property damages to their vehicle, and its driver, Henry Roy Fowler, seeks recovery for his personal injuries by counterclaims against the plaintiff and by cross-actions against defendants Cranford and Bobby Butts Buick, Inc. Defendant Cranford, driver of a car belonging to Bobby Butts Buick, Inc., seeks recovery for personal injuries and Bobby Butts Buick, Inc. seeks recovery for property damages by counterclaims against the plaintiff.

At the close of plaintiff's evidence, the court allowed motion by defendants Fowler for a directed verdict as to the claim of plaintiff against them on the ground that plaintiff had failed to present any evidence of actionable negligence on the part of the driver of the Fowler vehicle. At the close of all of the evidence and after argument of counsel, but before the charge of the court to the jury, the court directed verdicts against all remaining claims, counterclaims, and cross-claims. All parties appealed.

*Johnson, Poole & Crockett by Samuel E. Poole, William D. Sabiston, Jr., and Hurley E. Thompson, Jr., for plaintiff appellant-appellee.*

*Pittman, Staton & Betts by J. C. Pittman for defendants Henry Roy Fowler and Elise Carmichle Fowler, appellants-appellees.*

*Cashwell & Ellis by B. Craig Ellis; and Teague, Johnson, Patterson, Dilthey & Clay by Grady S. Patterson, Jr., for defendants Evelyn Pace Cranford and Bobby Butts Buick, Inc., appellants-appellees.*

PARKER, Judge.

Since in passing on a motion for directed verdict the evidence must be considered in the light most favorable to the party against whom the motion is made, in this case we are called on to consider the evidence from three distinct points of view. Before doing so, however, certain underlying facts, as

Lewis v. Fowler

to which there is no substantial conflict in the evidence, are summarized as follows:

U. S. Highway 15-501 is a two-lane paved road which, at the scene of the accident, runs generally east-west and crosses over railroad tracks by a concrete bridge. This bridge is 213 feet long and 26 feet wide. On either side of the bridge the highway is paved to a width of 22 feet, and on each side of the pavement there are 8-foot-wide dirt shoulders flanked by steel guardrails, the dirt shoulders gradually narrowing as the guardrails swing inward toward the bridge abutments. Approaching the bridge from the east, the highway is straight and almost level for more than 400 feet and enters upon and continues across the bridge in a straight line and upon a slight downgrade. Proceeding westward from the bridge, the downgrade increases slightly and the highway curves gradually to the right. The posted speed limit in the area where the bridge is located is 45 miles per hour.

The accident occurred in the dark at approximately 6:35 p.m. on 3 February 1971. Sleet had been falling since 6:15 p.m., leaving the highway surface wet and the bridge surface icy. Prior to the accident involving the three vehicles of the parties to this litigation, a fourth car, not directly involved in the collision, had come on the scene. This car, a 1969 Chevrolet referred to in the evidence as the "Marks" car, had apparently gone out of control while traveling west across the bridge and came to rest at an angle to the highway with its front bumper hooked against the guardrail on the right side of the highway going west. The front of the Marks car was on the right shoulder of the road, the front bumper resting on or hooked against the guardrail and the rear of the car protruding onto and partially blocking the westbound traffic lane of the highway. As hereinafter noted, the evidence is conflicting as to the extent to which the Marks car blocked the westbound traffic lane, and is conflicting as to whether the Marks car was either "partly on and partly off the bridge" or at various distances, ranging from 20 feet to 50 or 60 feet, westward from the west end of the bridge.

Plaintiff Lewis, approaching the bridge from the west, saw the Marks car lodged against the guardrail and stopped his Ford Mustang near to or across from the Marks car, pulling several feet onto the grassy shoulder of the eastbound traffic lane but remaining partially in the eastbound traffic lane itself. A 1969 Ford pickup truck, driven by defendant Henry Fowler,

drove onto the bridge from the east, went into a sideways skid on the bridge's icy surface, and came to rest at the western end of the bridge without hitting anything, but blocking both lanes of traffic. A 1970 Pontiac, driven by defendant Evelyn Cranford and owned by Bobby Butts Buick, Inc., which was proceeding westward and had been following behind the Fowler pickup truck, crashed into the pickup truck, knocking it into the Lewis automobile. The resulting personal injuries and property damage, for purposes of this appeal, are not in dispute and need not be considered.

[1] We first consider the court's ruling, made at the close of plaintiff's evidence, which granted defendant Fowlers' motion for directed verdict on plaintiff's claim against them on grounds that plaintiff had failed to produce any evidence of actionable negligence on the part of defendant Henry Fowler. For this purpose we view plaintiff's evidence in the light most favorable to the plaintiff. Plaintiff's evidence, in addition to showing the undisputed facts narrated above, added the following details: The front of the Marks car had come to rest sitting at an angle and facing northwest against the guardrail on the right side of the highway going west and at a point approximately 50 or 60 feet west of the west end of the bridge. The left rear portion of the Marks car, including its left rear tire, was still on the highway, partially blocking the westbound traffic lane. The taillights of the Marks car were on. Lewis approached the Marks car from the west, and, pulling to his right so that the right tires of his car were on the grassy shoulder, stopped directly across from the Marks vehicle in order that his daughter, a passenger with him in the Mustang, might see it. At this time there was no visible traffic approaching from the east. After pausing several moments opposite the Marks car, Lewis started slowly eastward toward the bridge, gradually pulling out into the eastbound traffic lane. After going about halfway between the Marks car and the bridge, Lewis saw the headlights of a vehicle entering the east end of the bridge. He immediately stopped his Mustang, which remained partially on the shoulder. The approaching vehicle, the Fowler pickup truck, began to skid sideways on the icy surface of the bridge, its rear "fishtailing" into the eastbound lane so that the truck blocked both lanes when it came to rest, sitting crossways, facing northward, on and at the west end of the bridge and at a point about 20 feet in front of the Lewis Mustang. After the pickup truck had come to a stop for "just a few seconds," and

Lewis v. Fowler

as its driver was attempting to move it from its stopped position, the truck was hit on its right side by the Pontiac driven by Evelyn Cranford. The blow spun the truck around and knocked it 20 feet into the left-hand front of the Lewis Mustang, resulting in plaintiff's damages.

When viewed in the light most favorable to the plaintiff, this evidence was insufficient to show that defendant Henry Fowler's actions constituted actionable negligence. There was no evidence that Fowler was exceeding either the posted speed limit or a speed which was safe given the inclement weather and time of night. There was no evidence Fowler failed to keep a proper lookout. Fowler's decision to stop his truck rather than attempt to "thread the needle" by passing through the space between the stopped Marks and Lewis vehicles, which, blocked, respectively, portions of the westbound and eastbound traffic lanes, may have been the only prudent course under the circumstances, and, in any event, certainly did not furnish evidence of negligence on his part. The evidence shows that Fowler was in fact able to bring his vehicle to a stop without striking anything and at a point 20 feet away from the Lewis car. "The skidding of a motor vehicle while in operation may or may not be due to the fault of the driver," *Hardee v. York*, 262 N.C. 237, 136 S.E. 2d 582, and in this case the mere fact that, in what appears to have been little more than a controlled skid, Fowler skidded while coming to a stop, does not, in itself, constitute evidence of negligence under the circumstances here shown. All of the evidence shows that after he successfully brought his truck to a stop without causing any damage, Fowler immediately undertook to move it from its position blocking traffic at the west end of the bridge and was prevented from doing so only because, in "just a few seconds," his truck was struck by the Cranford car. There being no evidence of actionable negligence on the part of Fowler, judgment directing verdict against plaintiff on his claim against the Fowlers, was properly entered.

[2]   We next consider the court's rulings directing verdicts in favor of defendants Cranford and Bobby Butts Buick, Inc., on plaintiff Lewis's claim and defendant Fowlers' cross-claims against them. In this connection we view the evidence in the light most favorable to the claimants. When so viewed, we find the evidence sufficient to support, but certainly not to compel, a verdict finding defendant Cranford guilty of actionable negligence causing plaintiff's and defendant Fowlers' damages.

There was evidence that the lights on both the Marks car and plaintiff's car were on and that plaintiff's headlights were shining in the direction from which Cranford was coming, yet she testified that she never saw either the Marks car or plaintiff's car until after the collision. Whether her view of those vehicles was blocked by the intervening pickup truck of the Fowlers was a question for the jury. As Mrs. Cranford approached the bridge from the east, she had an unobstructed view in a straight line over an almost level road for more than 400 feet and then continuing in the same line for an additional 213 feet across the bridge, yet her own evidence was that she did not see even the Fowler pickup truck until she had already started across the bridge. On this evidence the jury could find that she failed to keep a proper lookout in failing to see what was in front of her to see until after she had already entered upon the icy surface of the bridge. Only then did she begin to apply her brakes. When her car "skidded just a little bit," she tried to apply her brakes more, but then, realizing for the first time that she was on ice, she did not try to use her brakes anymore but simply held her car in the westbound traffic lane until it hit the Fowler truck. Despite such efforts as she had made to slow her car after she realized the truck was blocking her path, at the time of impact her car was still moving at a speed sufficient to knock the truck out of her lane and send it spinning some twenty feet away, and even then her car continued for a substantial distance down the highway. The very force of the collision is some evidence from which the jury might find that she was driving at a speed greater than was reasonable and prudent under the circumstances. It may well be that Mrs. Cranford exercised all due care, but whether she did or not was for the jury to decide. The court erred in directing verdicts against the claim of plaintiff and the cross-claims of the Fowlers to recover from Cranford and Bobby Butts Buick, Inc.

[3]   Finally, we consider the directed verdicts in favor of plaintiff and against the counterclaims filed against him by all defendants. Taken in the light most favorable to defendants, the evidence indicated that the Marks car had come to rest very near to and no more than 20 feet beyond the west end of the bridge against the westbound traffic lane's guardrail, blocking a sizable portion of the westbound traffic lane. Plaintiff Lewis had stopped his Mustang opposite the Marks car, blocking most of the eastbound traffic lane. Before stopping to show his daughter the distressed Marks vehicle, Lewis, who had been

Lewis v. Fowler

waiting in the neighborhood for his daughter to finish a music lesson, had been told that the Marks car had skidded on the bridge and slid into the guardrail. Before picking up his daughter, Lewis had driven twice over the bridge in order to see the Marks vehicle for himself, noticing in the process that the bridge's surface was icy. He then drove to pick up his daughter, and returned to the bridge for the express purpose of showing her "what ice could do." On this evidence, we think that a jury would be warranted, but certainly not compelled, in finding that plaintiff Lewis was negligent in stopping his automobile virtually abreast of the Marks car so that both traffic lanes were subtantially blocked by the two vehicles, and that this negligence was the proximate cause of defendants' injuries and property damages. It was reasonably foreseeable that a substantial blockage of both traffic lanes immediately to the west and downgrade from the icy bridge could cause a pile up of vehicles which were crossing the bridge from the east. Accordingly, the trial court erred in directing verdicts against defendants on their counterclaims against plaintiff Lewis.

The result is:

On plaintiff's appeal from the order directing verdict against him on his claim against defendants, Henry Roy Fowler and Elise Carmichle Fowler,

Affirmed.

On plaintiff's appeal from the order directing verdict against him on his claim against defendants Evelyn Pace Cranford and Bobby Butts Buick, Inc., and on the appeals of all defendants from the orders directing verdicts against them on their respective counterclaims and cross-actions, the orders directing verdicts are reversed and the case is remanded for a

New trial.

Judges VAUGHN and CARSON concur.