VIRGIE M. HESTER v. JAMES ALBIN MILLER, CHRISTOPHER EDWARD MILLER, AN INFANT, JOY MAYO IPOCK, AND DAVID GENTRY IPOCK

No. 7810SC745

(Filed 5 June 1979)

1. Negligence § 10— proximate cause

     It is not required that defendant's negligence be the sole proximate cause of an injury or the last act of negligence in order to hold him liable, but it is sufficient if his negligence was one of the proximate causes.

2. Negligence § 10.1— intervening negligence

In order to insulate the negligence of one party, the intervening negligence of another must be such as to break the sequence or causal connection between the negligence of the first party and the injury and must be the sole proximate cause of the injury.

3. Negligence § 29.3— proximate cause—insulating neligence—question of fact

The trial court erred in granting defendant automobile driver's motion for summary judgment on the ground that her negligence was not, as a matter of law, a proximate cause of plaintiff's injuries but was insulated by the negligence of defendant dump truck driver where plaintiff presented materials tending to show that defendant automobile driver slowed down and turned from the road without giving a turn signal, that the driver of two following vehicles, including plaintiff, had to brake hard and come to a complete stop, and that plaintiff's vehicle was struck from the rear by the dump truck, since a question of fact was presented as to whether defendant automobile driver's negligence set in motion a chain of circumstances leading up to plaintiff's injuries and was a proximate cause of those injuries.

APPEAL by plaintiff from *McLelland, Judge.* Order granting summary judgment for the defendants Joy Mayo Ipock and David Gentry Ipock entered 20 June 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 1 May 1979.

On 27 May 1977 plaintiff filed a complaint alleging that on 1 September 1976, plaintiff was injured in an automobile collision caused by the joint and concurring negligence of the defendants. The complaint alleged, *inter alia,* that plaintiff was following two cars down Highway 55 near Reelsboro, North Carolina, heading east at about 50 to 55 miles per hour. The first automobile was driven by the defendant Joy Mayo Ipock and was owned by defendant David Gentry Ipock. The second automobile was operated by Mrs. Berry Morris. The first car abruptly slowed and then its driver applied brakes and turned to the right into a private driveway without providing a turn signal. The Morris car veered left and proceeded beyond the point where the Ipock car turned off the road. Plaintiff braked and came to a complete stop. Within seconds, a dump truck operated by Christopher Edward Miller, and owned by James Albin Miller, struck the rear of plaintiff's camper truck and pushed it off the road into a tree. The gasoline tank exploded and plaintiff suffered severe burns.

The defendants Ipock denied negligence and denied that any negligence on their part proximately caused the plaintiff's in-

juries. The defendants Miller also denied negligence and denied that their negligence proximately caused plaintiff's injuries.

On 23 March 1978, the defendants Joy Mayo Ipock and David Gentry Ipock moved for summary judgment on the grounds that, assuming that Joy Mayo Ipock was negligent in failing to provide a turn signal, that said negligence was not, as a matter of law, a proximate cause of the plaintiff's injuries. In support of their motion for summary judgment, the defendants presented the depositions of Mrs. Berry Morris and the plaintiff. The deposition of Mrs. Morris tended to show that the road was straight and level and the weather was clear at the time of the accident. Mrs. Morris was following the Ipock car at about 50 to 55 miles per hour. A little less than 50 yards before the driveway, Mrs. Ipock slowed somewhat. Mrs. Ipock then braked, brought her car almost to a complete stop, and turned right without indicating that she intended to turn. Mrs. Morris braked hard and came to a stop about one-half of a car length before the driveway. The plaintiff also braked to a complete stop. Just as Mrs. Morris was preparing to drive forward, she heard the impact of Miller's truck striking plaintiff's camper. The Ipock car was either off the road at that time, or partly off the road.

The deposition of the plaintiff tended to show that the brake lights on Ipock's car were on for four or five seconds. The car slowed down gradually, stopped, and then turned right. Plaintiff braked and came to a complete stop. Within a few seconds she heard Miller's truck approaching, she heard the brakes applied and the truck hit her camper on the left rear.

On 20 June 1978, the court granted the defendants' motion for summary judgment on the grounds that the alleged negligence of Joy Mayo Ipock was not, as a matter of law, a proximate cause of the plaintiff's injuries.

*Johnson, Gamble and Shearon by Samuel H. Johnson for plaintiff appellant.*

*Ragsdale, Liggett & Cheshire by Peter M. Foley for defendant appellees.*

CLARK, Judge.

Plaintiff contends that the court erred in granting defendants' motion for summary judgment, since there are material issues of fact as to whether Joy Mayo Ipock negligently failed to provide a turn signal, and whether such negligence was a proximate cause of the automobile accident. Defendants contend that, even assuming that Joy Mayo Ipock was negligent, that her negligence was not the proximate cause of the accident since her negligence was completely insulated by the negligence of Christopher Edward Miller in following the Hester vehicle too closely and in failing to maintain a proper lookout.

Summary judgment is appropriate only when the moving party establishes that there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. *Lee v. Shor*, 10 N.C. App. 231, 178 S.E. 2d 101 (1970). It is only in the exceptional negligence case, however, that summary judgment is appropriate. ". . . This is so because even in a case in which there may be no substantial dispute as to what occurred, it usually remains for the jury . . . to apply the standard of the reasonably prudent man to the facts of the case in order to determine where the negligence, if any, lay and what was the proximate cause of the aggrieved party's injuries. . . ." *Robinson v. McMahan*, 11 N.C. App. 275, 280, 181 S.E. 2d 147, 150, *cert. denied*, 279 N.C. 395, 183 S.E. 2d 243 (1971).

Proximate cause has been defined as a "cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and without which the injuries would not have occurred, and one from which a person of ordinary prudence could have reasonably foreseen that such a result, or some similar injurious result, was probable. . . ." 9 Strong's N.C. Index 3d *Negligence* § 8, at 363 (1977); *Kanoy v. Hinshaw*, 273 N.C. 418, 160 S.E. 2d 296 (1968).

[1] There may be more than one proximate cause of an injury. It is not required that the defendants' negligence be the sole proximate cause of injury, or the last act of negligence. *See Batts v. Faggart*, 260 N.C. 641, 133 S.E. 2d 504 (1963); *Richardson v. Grayson*, 252 N.C. 476, 113 S.E. 2d 922 (1960). In order to hold the defendant liable, it is sufficient if his negligence is one of the

proximate causes. *McEachern v. Miller*, 268 N.C. 591, 151 S.E. 2d 209 (1966); *Bechtler v. Bracken*, 218 N.C. 515, 11 S.E. 2d 721 (1940).

[2]   In order to insulate the negligence of one party, the intervening negligence of another must be such as to break the sequence or causal connection between the negligence of the first party and the injury. The intervening negligence must be the *sole* proximate cause of the injury. *Rattley v. Powell*, 223 N.C. 134, 25 S.E. 2d 448 (1943). In cases involving rearend collisions between a vehicle slowing or stopping on the road without proper warning signals, and following vehicles, the test most often employed by North Carolina courts is foreseeability. The first defendant is not relieved of liability unless the second independent act of negligence could not reasonably have been foreseen. *See McNair v. Boyette*, 282 N.C. 230, 192 S.E. 2d 457 (1972); Byrd and Dobbs, *Survey of North Carolina Case Law, Torts*, 43 N.C.L. Rev. 906, 927-30 (1965). *See* Byrd, *Proximate Cause in North Carolina Tort Law*, 51 N.C.L. Rev. 951 (1973). The foreseeability standard should not be strictly applied. It is not necessary that the whole sequence of events be foreseen, only that some injury would occur.

Since "[p]roximate cause is an inference of fact . . . [i]t is only when the facts are all admitted and *only one inference may be drawn from them that the court will declare whether an act was the proximate cause of an injury or not."* *Conley v. Pearce-Young-Angel Co.*, 224 N.C. 211, 214, 29 S.E. 2d 740, 742 (1944); *Pruett v. Inman*, 252 N.C. 520, 114 S.E. 2d 360 (1960). The question of intervening and concurring negligence is also ordinarily for the jury. *Moore v. Beard-Laney, Inc.*, 263 N.C. 601, 139 S.E. 2d 879 (1965); *Davis v. Jessup*, 257 N.C. 215, 125 S.E. 2d 440 (1962). Only if the court is able to determine from the undisputed facts that the defendants' negligence was remote, and not a proximate cause of the injury, does the question become one of law for the court. 57 Am. Jur. 2d *Negligence* § 198 (1971).

[3]   The testimony set forth in the depositions of the plaintiff and Mrs. Berry Morris tends to show that Joy Mayo Ipock slowed down and turned off the road without giving a turn signal, that Mrs. Morris and plaintiff had to brake hard, that their vehicles came to a stop and that within moments the defendant Miller's truck struck the rear of plaintiff's camper. There is no testimony as to how fast the Miller vehicle was traveling or how closely the

Miller vehicle was following the Hester camper. The testimony is also unclear as to how much time elapsed between the stopping of the Morris and Hester vehicles and the impact. The testimony of the time lapse varied from "a few seconds" to "a couple of minutes."

In the case before us we apply the law to the proof in light of the fact that the proof supporting the motion for summary judgment is but a forecast of the evidence and that the danger of leaving the plaintiff with no avenue of relief should be avoided in a case alleging concurring negligence of multiple defendants which may best be determined simultaneously. We conclude that the proof supporting the motion for summary judgment does not establish intervening negligence as a matter of law and that the negligence of the defendants Ipock might have set in motion a chain of circumstances leading up to plaintiff's injuries.

There remains, therefore, a question of fact as to whether the defendant Joy Mayo Ipock's alleged negligence was a proximate cause of the plaintiff's injuries. The order entering summary judgment in favor of the defendants Joy Mayo Ipock and David Gentry Ipock was erroneously granted.

Reversed and remanded.

Judges PARKER and CARLTON concur.