David MARTIN, Administrator of the Estate of Sandra Martin, and J. Ben Morrow, Administrator of the Estate of Michael Edward Garris, Plaintiffs,

v.

Michael SMITH; Volkswagen of America, Inc., a corporation; VolkswagenWerk, A.G., a/k/a Volkswagenwerk Aktiengesallschaft, a corporation, Defendants.

No. C–C–81–112–M.

United States District Court,
W. D. North Carolina,
Charlotte Division.

March 30, 1982.

John B. Walters and Thomas T. Downer, Downer, Walters & Mitchner, Charlotte, N. C., and Mark P. Robinson, Robinson, Robinson & Spencer, Newport Beach, Cal., for plaintiffs.

Michael Smith, pro se.

Harry C. Hewson, Jones, Hewson & Woolard, Charlotte, N. C., for defendants.

## ORDER

McMILLAN, District Judge.

Plaintiffs allege that they are entitled to recover damages for alleged wrongful deaths by fire of their decedents caused by wrongful operation of one automobile by defendant Michael Smith, and by wrongful design and construction of another automobile by the defendants Volkswagen. Defendants Volkswagen have moved for dismissal and for summary judgment. The question is whether the complaint states valid claims.

Upon a motion for summary judgment or a motion to dismiss for failure to state a claim, the court must accept as true all allegations tending to favor the pleader, and all reasonable inferences that can be drawn from those allegations in favor of the pleader.

> Summary judgment is inappropriate if material facts and permissible inferences are in genuine dispute. Here, the applicability of the statute of limitations depends on facts and inferences that have not yet been determined.

*Fli-Back Company, Inc. v. Philadelphia Manufacturers Mutual Ins. Co.*, 502 F.2d 214, 218 (4th Cir. 1974).

> The trial court is required to view the facts and permissible inferences in the light most favorable to the nonmoving party. All well pleaded factual allegations in the nonmoving party's pleadings are taken as true . . .

*Ragsdale v. Kennedy*, 286 N.C. 130, 209 S.E.2d 494, 499 (N.C.S.Ct.1974). *See also Huss v. Huss*, 31 N.C.App. 463, 230 S.E.2d 159, 162 (1976); *Tilley v. Tilley*, 268 N.C. 630, 151 S.E.2d 592, 593–94 (1966).

> We must construe all well pleaded factual allegations of the complaint as true and draw in favor of [plaintiff] all reasonable inferences and intendments from these facts.

*Quality Mercury, Inc. v. Ford Motor Company*, 542 F.2d 466, 468 (8th Cir. 1976).

## I.

The defendants Volkswagen rely on *Wilson v. Ford Motor Company*, 656 F.2d 960 (4th Cir. 1981). The *Wilson* case upheld a district court dismissal of a suit against Ford Motor Company based upon injuries allegedly *aggravated* by defective construction of the steering column and other components of an Econoline van. The Fourth Circuit, in a brief opinion, joined with a district judge in predicting that the North Carolina Supreme Court, which has apparently never decided such a case, would deny recovery to a plaintiff based upon

> . . . defects in the design and manufacture of a vehicle which neither caused nor contributed to the cause of a *collision*, but served to *exacerbate injuries* sustained *thereafter*. . . . (Emphasis added.)

656 F.2d 960.

When the hearing on the motion was conducted, I was inclined to agree with attorneys for Volkswagen that the *Wilson* case was controlling. For the following reasons, I no longer hold that view.

A.  The allegations in this case are different than those before the court in *Wilson.*

1.  The complaint in this action alleges in paragraph 15 that defendants negligently and wantonly built the Volkswagen, and particularly the gas tank and filler pipe, so as to pose an "extreme foreseeable risk and danger of fire upon impact," and in paragraph 16 that "[a]s a direct and proximate cause [sic] [obviously the word should be 'result'] of the joint and concurring acts and omissions of negligence, carelessness, and

recklessness of the Defendants, Michael Smith, Volkswagen of American, Inc., VolkswagenWerk, A. G., and each of them, as aforesaid, the Plaintiff's decedent, . . . was killed, . . . [and . . . estate was damaged]."

These paragraphs allege that Volkswagen's actions were a direct and proximate cause of the *deaths*—not of an "aggravation" or "exacerbation" of other injuries.

2.  By contrast, in *Wilson* it was alleged that the injuries were initially caused by the collision but were *aggravated* by a defectively designed steering column. Those injuries were allegedly increased in degree, but not in kind, by the design defects. In this action it is not alleged that design defects aggravated the degree of injuries caused by the impact of the collision. Rather, the plaintiffs allege that design defects *caused* the injuries. Those injuries (fatal burns) were triggered by the impact, but were different in kind from those the decedents would have sustained had their injuries only been caused by the actual impact of the collision itself.

B.  The *Wilson* decision is not in harmony with accepted principles of North Carolina tort law.

1.  Under accepted North Carolina law, the proximate cause of an injury is a factual question for the jury, rather than a question of law for the court. *Snell v. Caudle Sand & Rock Company*, 267 N.C. 613, 148 S.E.2d 608 (1966); *Taney v. Brown*, 262 N.C. 438, 137 S.E.2d 827 (1964); *Short v. Chapman*, 261 N.C. 674, 136 S.E.2d 40 (1964).

2.  There may be more than one proximate cause of an injury. *Hester v. Miller*, 41 N.C.App. 509, 255 S.E.2d 318 (1979), and cases cited.

3.  If the negligence of an actor is *a* proximate cause of any part of the injuries, he is liable for that part. *Wise v. Vincent*, 265 N.C. 647, 144 S.E.2d 877 (1965); *Hester v. Miller, supra.*

■ 4. Defendants' negligence, in order to be actionable, need not be the sole proximate cause of injury, *nor* the *last* act of negligence. *See Batts v. Faggart, et al.,* 260 N.C. 641, 133 S.E.2d 504 (1963); *Richardson v. Grayson,* 252 N.C. 476, 113 S.E.2d 922 (1960).

■ 5. If the intervening act of a third person is reasonably foreseeable, it does not insulate a previously negligent party from liability for injuries caused by or contributed to by that previous negligence. *Brown v. Atlantic Coast Line Railroad Company,* 276 N.C. 398, 172 S.E.2d 502 (1970).

> No negligence is "insulated" so long as it plays a substantial and proximate part in the injury. The legal effect of the active negligence of two independent agencies, simultaneously occurring, and inflicting *injury* upon a third person hinges upon the question of foreseeability. The test is whether the intervening act and the resultant injury is one that the original actor could have reasonably foreseen and expected.... (Emphasis added.)

276 N.C. at 402, 172 S.E.2d 502.

■ 6. In a land where more than 150,000,000 motor vehicles have thousands of collisions each day, it can not be said as a matter of law that a collision (whether intentional, negligent, or without fault of the driver) involving an automobile with another object is not reasonably foreseeable by those who design and build automobiles.

■ 7. The plaintiffs have sufficiently alleged that the deaths of their intestates were directly and proximately *caused* by the negligence of the defendants, that they ought to be allowed to have a jury decide the question of proximate causation under traditional North Carolina tort law concepts.

8. It is of record (*Sealey v. Ford Motor Co.,* 499 F.Supp. 475 (E.D.N.C.1980)) that even on the theory of "aggravation" or "enhancement" of injuries, the courts of other jurisdictions are nearly unanimous in holding manufacturers liable for defects in their products which aggravate injuries even though they do not cause the collision. Two district judges in North Carolina have upheld liability in such cases of aggravation and two have denied liability; contrast *Sealey v. Ford Motor Co., supra,* and *Isaacson v. Toyota Motor Sales,* 438 F.Supp. 1 (E.D.N.C.1976), with *Alexander v. Seaboard Air Line Railroad,* 346 F.Supp. 320 (W.D.N.C. 1971) and *Simpson v. Hurst Performance, Inc.,* 437 F.Supp. 445 (M.D.N.C.1977).

C. Dismissal is precluded by other, independent, allegations.

■ Regardless of the outcome of the debate over "second injury" or "exacerbation," the complaint alleges independent grounds for recovery. The complaint alleges that Volkswagen, in order to sell cars, *fraudulently* and *knowingly concealed* from the public their certain knowledge from their own crash tests that the Volkswagen fuel system was unsafe and dangerous for its intended use; that they intentionally distributed the automobile in conscious disregard of its safety defects; that they wantonly and maliciously did so, and should pay punitive damages. In effect, that to make money, they set a trap for the innocent. The court should not look for ways to protect people from the consequences of intentional, malicious, wanton and oppressive actions which so significantly affect life and death. Such questions are the stuff for which trial by jury is designed. I believe the Supreme Court of North Carolina will so hold.

II.

■ Defendants also contend that the suits are barred by N.C.G.S. § 1–50(6), which bars suits against manufacturers filed more than six years after the initial purchase of an article for use or consumption. The chronology of pertinent events is as follows:

> In 1964, the Volkswagen was manufactured and distributed.
> On March 4, 1979, the collision occurred.
> On March 4, 1979, plaintiff's intestate Martin died.
> On March 12, 1979, plaintiff's intestate Garris died.
> On October 1, 1979, N.C.G.S. § 1–50(6) became effective.
> On March 3, 1981, this suit was filed.

The statute contains a provision that it does not apply to pending litigation.

I am of the opinion that under these facts it would be unconscionable and unreasonable (*see Flippin v. Jarrell*, 301 N.C. 108, 270 S.E.2d 482 (1980)) to hold the plaintiffs barred by the statute, which did not even exist at the time the plaintiffs' decedents were killed, and that the suit is not barred by § 1–50(6).

### CONCLUSION

It is, in conclusion, my opinion:

(a) That this case is not controlled by *Wilson,* for the reasons set out above.

(b) That when a case like this is presented to the appellate courts of North Carolina, it will be resolved in favor of the plaintiffs.

(c) That the statute of limitations is no bar to the action.

(d) That regardless of who wins the "judicial guessing game" (Britt, J., *Sealey v. Ford,* 499 at 478), this case, on these allegations, should not be dismissed as a matter of law, and that if plaintiffs present evidence to support the allegations, the case should go to the jury for decision on the crucial factual issues presented by the pleadings.

The motions of the defendants are DENIED.