CATHY AZAR AS ADMINISTRATOR OF THE ESTATE OF MARY EDITH KEETON, PLAINTIFF v. THE PRESBYTERIAN HOSPITAL, PRESBYTERIAN HEALTHCARE D/B/A NOVANT HEALTH, INC., NOVANT HEALTH INC. D/B/A PRESBYTERIAN HEALTHCARE, JANE/JOHN DOE, RN, JANE/JOHN DOE, NA, JANE/JOHN DOE, DIETICIAN, ET AL., DEFENDANTS

No. COA08-40

(Filed 15 July 2008)

**1. Appeal and Error— Rules violations—substantial—costs as sanction**

The Court of Appeals imposed costs on plaintiff's attorney as a sanction where the number and nature of the Appellate Rules violations were considered gross or substantial.

2. **Medical Malpractice— bedsores—proximate cause of death—evidence speculative**

Plaintiff failed to forecast evidence demonstrating causation in a medical malpractice action involving the treatment of bedsores, and defendants were entitled to summary judgment where the decedent .suffered from many ailments and testimony as to whether decedent's bedsores were the proximate cause of her death was speculative.

Appeal by plaintiff from an order entered 20 September 2007 by Judge Robert P. Johnston in Mecklenburg County Superior Court. Heard in the Court of Appeals 11 June 2008.

*Perry, Perry & Perry, P.A., by Robert T. Perry, for plaintiff-appellant.*

*Wilson & Coffey, LLP, by J. Chad Bomar and Tamura D. Coffey, for defendants-appellees.*

JACKSON, Judge.

Cathy Azar ("plaintiff"), as administrator of the Estate of Mary Edith Keeton ("decedent"), appeals the granting of summary judgment in favor of The Presbyterian Hospital, Presbyterian Healthcare d/b/a Novant Health, Inc., and Novant Health, Inc. d/b/a Presbyterian Healthcare ("defendants"). For the reasons stated below, we affirm.

On or about 9 February 2004, decedent was admitted to defendant hospital. Decedent underwent kidney stent, dialysis, and dialysis access procedures while in defendant hospital's care. On or about 17 March 2004, decedent was discharged. Decedent returned to defendant hospital and was readmitted on or about 24 March 2004. Decedent died on 14 April 2004 while a patient at defendant hospital.

Plaintiff filed a medical negligence action against defendants and various known and unknown hospital staff on 28 July 2006. On 30 March 2007, defendants deposed plaintiff's expert nurse, Patricia Hahn Crow, R.N. ("Crow"). Defendants deposed Victor Gura, M.D. ("Dr. Gura"), plaintiff's expert physician, on 16 May 2007. On 30 August 2007, plaintiff deposed defendants' expert nurse, Anita Faye H. Freeze, R.N.

On 29 August 2007, defendants served a motion to strike and disqualify plaintiff's experts and for summary judgment. The motion, as

well as a brief and supporting affidavits, was filed 30 August 2007. The motion was heard on 11 September 2007 and granted by order filed 20 September 2007. Plaintiff appeals.

By two assignments of error, plaintiff argues that genuine issues of material fact exist and that defendants are not entitled to judgment as a matter of law such that the grant of summary judgment was in error. We disagree.

[1] As a preliminary matter, we note that plaintiff has violated our Rules of Appellate Procedure. "Compliance with the rules . . . is mandatory." *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 194, 657 S.E.2d 361, 362 (2008) (citations omitted). These violations include: (1) the record on appeal does not contain a copy of the summons or other statement of personal jurisdiction, in violation of Rule 9(a)(1)(c); (2) no transcript of the summary judgment hearing was submitted with the record on appeal, although there is a statement in the record that one was submitted contemporaneously with the record, in violation of Rules 9(a)(1)(e) and 9(c)(3)(b); (3) some of the documents in the record on appeal do not indicate the date on which they were filed, only the date on which they were served, in violation of Rule 9(b)(3); (4) the assignments of error direct our attention to an affidavit located at record page 59; however, they discuss the order of summary judgment, which is located at record page 86, in violation of Rule 10(c)(1); (5) the standard of review is stated in pieces in appellant's brief—partly in the procedural history section and partly in the argument section—with the appropriate standard for *this* Court stated in the procedural history, in violation of Rules 28(b)(3) and 28(b)(6); (6) not all factual statements in appellant's brief are supported by references to the record, in violation of Rule 28(b)(5); and (7) the statement of facts in appellant's brief is argumentative, also in violation of Rule 28(b)(5).

The violations noted are non-jurisdictional in nature. Therefore, pursuant to the dictates of *Dogwood,* we first must determine "whether [the] noncompliance with the appellate rules rises to the level of a substantial failure or gross violation[.]" *Dogwood,* 362 N.C. at 200, 657 S.E.2d at 366. If not, we are to address the merits of the appeal to the extent possible. *Id.* at 199, 657 S.E.2d at 366. If so, we may sanction the responsible party pursuant to Rules 25 and 34. *Id.* Due to the number and nature of rules violations, we consider them 'gross' or 'substantial' and elect to tax costs to plaintiff's attorney. We direct the clerk of this court to enter an order accordingly.

**[2]** Summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). This Court reviews an order allowing summary judgment *de novo.* *McCutchen v. McCutchen,* 360 N.C. 280, 285, 624 S.E.2d 620, 625 (2006) (citing *Howerton v. Arai Helmet, Ltd.,* 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004)).

In deciding a motion for summary judgment, a trial court must consider the evidence in the light most favorable to the non-moving party. *Summey v. Barker,* 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003). If there is any evidence of a genuine issue of material fact, a motion for summary judgment should be denied. *Howerton v. Arai Helmet, Ltd.,* 358 N.C. 440, 471, 597 S.E.2d 674, 694 (2004) (citing *Dobson v. Harris,* 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000)). The moving party bears the burden of showing that no triable issue of fact exists. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.,* 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985) (citing *Texaco, Inc. v. Creel,* 310 N.C. 695, 699, 314 S.E.2d 506, 508 (1984)). This burden can be met by proving: (1) that an essential element of the non-moving party's claim is nonexistent; (2) that discovery indicates the non-moving party cannot produce evidence to support an essential element of his claim; or (3) that the non-moving party cannot surmount an affirmative defense which would bar the claim. *Collingwood v. G.E. Real Estate Equities,* 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989) (citations omitted). Once the moving party has met its burden, the non-moving party must forecast evidence that demonstrates the existence of a *prima facie* case. *Id.* (citation omitted).

We note that plaintiff's assignments of error question the trial court's failure to make adequate findings of fact. However, "ordinarily, findings of fact and conclusions of law are not required in the determination of a motion for summary judgment, and if these are made, they are disregarded on appeal." *Sunamerica Financial Corp. v. Bonham,* 328 N.C. 254, 261, 400 S.E.2d 435, 440 (1991) (citing *e.g., Mosley v. Finance Co.,* 36 N.C. App. 109, 111, 243 S.E.2d 145, 147, *disc. rev. denied,* 295 N.C. 467, 246 S.E.2d 9 (1978)).

Plaintiff's argument focuses on whether genuine issues of material fact exist as to the appropriate standard of care to which defendants were to be held. Specifically, she contends that decedent's bedsores were not treated properly. However, "[i]f the granting

of summary judgment can be sustained on any grounds, it should be affirmed on appeal." *Shore v. Brown*, 324 N.C. 427, 428, 378 S.E.2d 778, 779 (1989).

In order to survive the motion for summary judgment, plaintiff was required to forecast evidence demonstrating the existence of a *prima facie* case for medical negligence, one element of which is causation. Dr. Gura testified in his deposition that decedent suffered multiple conditions during her stay at defendant hospital, among them: (1) atrial fibrillation, (2) decreased circulation in her legs, (3) pneumonia, (4) infections, (5) coronary artery disease, (6) problems with vascular access to dialysis, (7) valvular disease, (8) microregurgitation, (9) obesity, (10) diabetes, (11) hypertension, and possibly (12) congestive heart failure.

In a medical negligence case, "[t]he connection or causation between the negligence and death must be probable, not merely a remote possibility." *White v. Hunsinger*, 88 N.C. App. 382, 387, 363 S.E.2d 203, 206 (1988) (citing *Bridges v. Shelby Women's Clinic, P.A.*, 72 N.C. App. 15, 21, 323 S.E.2d 372, 376 (1984), *disc. rev. denied*, 313 N.C. 596, 330 S.E.2d 605 (1985)). Our courts rely on medical experts to show medical causation because "the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen[.]" *Click v. Freight Carriers*, 300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980) (citations omitted). When this testimony is based merely upon speculation and conjecture, however, it is no different than a layman's opinion, and as such, is not sufficiently reliable to be considered competent evidence on issues of medical causation. *Young v. Hickory Bus. Furn.*, 353 N.C. 227, 230, 538 S.E.2d 912, 915 (2000).

Here, Dr. Gura's testimony was mere speculation as to whether decedent's bedsores were the proximate cause of her death. Decedent suffered from many ailments, any number of which could have been the cause of her death. According to Dr. Gura, decedent's bedsores were "at least one cause of infection." He further testified that decedent passed away "as a result of all of [her] complications." Dr. Gura stated an opinion that "her cardiac condition definitely may have contributed to her death." He testified that he could not say whether one or more of decedent's multiple complications was the ultimate cause of her death. He further stated that although decedent's bedsores were one of the significant causes of infection that caused her demise, there may have been others, and probably were.

**IN RE A.T.**

[191 N.C. App. 372 (2008)]

Plaintiff had another expert witness; however, Crow stated in her deposition that she was not going to offer an expert opinion with respect to the cause of decedent's death. She stated that she was not qualified to provide an opinion on cause of death.

Because plaintiff failed to forecast evidence demonstrating causation, defendants were entitled to judgment as a matter of law. Therefore the trial court did not err in granting summary judgment in defendants' favor.

Affirmed.

Judges HUNTER and TYSON concur.