DEBORAH MAE TABOR, Plaintiff-Appellant v. ADAM WOLFGANG KAUFMAN, JASON THIBODEAUX, and ANNA CLARE MONLEZUN THIBODEAUX, Defendants-Appellees

No. COA08-1249

(Filed 5 May 2009)

## 1. Appeal and Error— Rules violations—gross and substantial—double costs as sanction

Plaintiff's attorney was ordered to pay double costs as sanctions for non-jurisdictional violations of the Rules of Appellate Procedure that were gross and substantial.

## 2. Motor Vehicles— chain reaction collision—intervening negligence—foreseeability—issue of fact

Summary judgment was erroneously granted for defendant in an automobile accident case arising from a chain reaction collision where defendant stopped suddenly in front of plaintiff and turned left without a signal, plaintiff and the next car were able to stop but the third car struck the second, which was driven into plaintiff's car, causing plaintiff's injury. There was an issue of fact as to whether the collision caused by the negligence of the third driver (Thibodeaux) was a foreseeable result of defendant's negligent actions.

Appeal by Plaintiff from order entered 11 July 2008 by Judge Ronald K. Payne in Superior Court, Watauga County. Heard in the Court of Appeals 24 March 2009.

*The Law Offices of Cameron M. Ferguson, P.A., by Richard T. Dail, for Plaintiff-Appellant.*

*Bennett & Guthrie, P.L.L.C., by Rodney A. Guthrie and Roberta B. King, for Defendant-Appellee.*

McGEE, Judge.

Deborah Mae Tabor (Plaintiff) filed a complaint against Adam Wolfgang Kaufman, Jason Thibodeaux, and Anna Clare Monlezun Thibodeaux for negligence on 9 March 2007. In her complaint, Plaintiff alleged the following facts. Plaintiff was traveling in the northbound lane of Jefferson Highway near Boone at approximately 5:10 p.m. on 18 September 2004. Adam Wolfgang Kaufman (Defendant) was traveling directly in front of Plaintiff when Defendant came to a sudden stop and turned left without using his turn signal. Plaintiff and the driver of a vehicle traveling directly behind her (vehicle two) slammed on their brakes and were able to come to a complete stop on the highway. A third vehicle traveling directly behind vehicle two and driven by Jason Thibodeaux (Thibodeaux) was unable to stop. Thibodeaux's vehicle collided with the rear of vehicle two. This caused vehicle two to collide with Plaintiff's vehicle, causing injury to Plaintiff.

Plaintiff, Thibodeaux, and Anna Clare Monlezun Thibodeaux executed a settlement agreement and release of all claims resulting from the collision on 4 December 2007. Plaintiff dismissed her claims against Thibodeaux and Anna Clare Monlezun Thibodeaux on 31 December 2007 and they are not parties to this appeal.

Defendant filed a motion to dismiss Plaintiff's claims against him on 30 August 2007. A hearing on Defendant's motion to dismiss was held on 29 May 2008. At the hearing, the trial court suggested that Defendant convert his motion to dismiss into a motion for summary judgment. The trial court granted summary judgment in favor of Defendant on 11 July 2008. Plaintiff appeals.

I. Defendant's Motion to Dismiss Plaintiff's Appeal

[1] Defendant filed a motion to dismiss Plaintiff's appeal on 11 February 2009. Defendant argues Plaintiff's appeal should be dismissed because Plaintiff grossly violated the North Carolina Rules of Appellate Procedure.

Plaintiff's brief violates the North Carolina Rules of Appellate Procedure by: (1) failure to include a statement of the grounds for appellate review as required by N.C.R. App. P. 28(b)(4); (2) failure to include a concise procedural history of the case as required by N.C.R. App. P. 28(b)(3); (3) failure to reference pages of the transcript or record on appeal in connection with factual assertions as required by N.C.R. App. P. 28(b)(5); (4) failure to submit the assignment of error

in short form, without argument, and failure to state plainly, concisely, and without argumentation, the legal basis upon which error is assigned as required by N.C.R. App. P. 10(c)(1); (5) failure to reference assignment of error and the record page numbers on which the assignment of error appears as required by N.C.R. App. P. 28(b)(6); (6) failure to number the pages of Plaintiff's brief in violation of N.C.R. App. P. 26(g)(1) and Appendix B; (7) failure to include a cover page for Plaintiff's brief as required by N.C.R. App. P. 28(b)(1); and (8) failure to include the email address of the person signing Plaintiff's brief in violation of N.C.R. App. P. 26(g)(1) and Appendix B.

" 'Compliance with the rules [of Appellate Procedure] . . . is mandatory.' " *Azar v. Presbyterian Hosp.*, 191 N.C. App. 367, 369, 663 S.E.2d 450, 452 (2008) (quoting *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 194, 657 S.E.2d 361, 362 (2008)). Plaintiff's numerous violations are non-jurisdictional in nature. Therefore, pursuant to *Dogwood*, we must

> first determine whether the noncompliance is substantial or gross under Rules 25 and 34. If [we] so [conclude], [we] should then determine which, if any, sanction under Rule 34(b) should be imposed. Finally, if [we] [conclude] that dismissal is the appropriate sanction, [we] may then consider whether the circumstances of the case justify invoking Rule 2 to reach the merits of the appeal.

*Dogwood*, 362 N.C. at 201, 657 S.E.2d at 367.

In evaluating whether appellate rules violations are "substantial" or "gross" we may consider "whether and to what extent the noncompliance impairs [our] task of review and whether and to what extent review on the merits would frustrate the adversarial process." *Id.* at 200, 657 S.E.2d at 366-67. Our Supreme Court expressed a "systemic preference" for sanctions other than dismissal even when non-jurisdictional violations are "substantial" or "gross." *Id.* at 200, 657 S.E.2d at 366. "[O]nly in the most egregious instances of nonjurisdictional default will dismissal of the appeal be appropriate." *Id.*

Due to the number and nature of Plaintiff's rules violations, we consider Plaintiff's violations "gross" and "substantial" and order Plaintiff's attorney to pay double costs of this appeal pursuant to N.C.R. App. P. 34(b). *See Azar v. Presbyterian Hosp.*, 191 N.C. App. 367, 369, 663 S.E.2d 450, 452 (2008).

## II. Merits of Plaintiff's Appeal

[2] Plaintiff argues the trial court erred in granting Defendant's motion for summary judgment because there remained genuine issues of material fact as to whether Thibodeaux's negligence intervened and superceded Defendant's alleged negligence.

Summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). We review an order granting summary judgment *de novo. McCutchen v. McCutchen*, 360 N.C. 280, 285, 624 S.E.2d 620, 625 (2006) (citing *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004)).

"In deciding a motion for summary judgment, a trial court must consider the evidence in the light most favorable to the non-moving party." *Azar v. Presbyterian Hosp.*, 191 N.C. App. 367, 370, 663 S.E.2d 450, 452 (2008) (citing *Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003)). A motion for summary judgment should be denied if there is any evidence of a genuine issue of material fact. *Dobson v. Harris*, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000). The moving party bears the burden of showing that no triable issue of fact exists. *Gregory v. Floyd*, 112 N.C. App. 470, 473, 435 S.E.2d 808, 810 (1993).

Defendant argues that even if he was negligent, his negligence was not the proximate cause of Plaintiff's injuries because Thibodeaux's negligence intervened and superseded Defendant's alleged negligence as a matter of law. "The test by which the negligent conduct of one is to be insulated as a matter of law by the independent negligent act of another, is reasonable unforseeability on the part of the original actor of the subsequent intervening act and resultant injury." *Adams v. Mills*, 312 N.C. 181, 194, 322 S.E.2d 164, 173 (1984) (citations omitted). "[T]he question of whether the intervening negligence of another tort-feasor will operate to insulate the negligence of the original tort-feasor is ordinarily a question for the jury." *State v. Tioran*, 65 N.C. App. 122, 125, 308 S.E.2d 659, 662 (1983) (citing *Bryant v. Woodlief*, 252 N.C. 488, 491-92, 114 S.E.2d 241, 244 (1960)). Because "[p]roximate cause is an inference of fact . . . [i]t is only when the facts are all admitted and *only one inference may be drawn from them that the court will declare whether an act was the prox-*

*imate cause of an injury or not." Hester v. Miller,* 41 N.C. App. 509, 513, 255 S.E.2d 318, 321, *disc. review denied,* 298 N.C. 296, 259 S.E.2d 913 (1979) (citations omitted) (emphasis in original).

In *Hester,* the defendant abruptly slowed down and turned off the road without using a turn signal. *Id.* at 510, 255 S.E.2d at 320. The plaintiff, who was following behind the defendant, had to come to a complete stop in order to avoid a collision. *Id.* A third vehicle traveling directly behind the plaintiff was unable to stop and crashed into the rear of the plaintiff's vehicle. *Id.* Our Court held that it was error for the trial court to grant the defendant's motion for summary judgment because there was an issue of material fact as to whether the alleged negligence of the defendant was insulated by the negligence of the third vehicle. *Id.* at 514, 255 S.E.2d at 321.

In *Hillman v. United States Liability Ins. Co.,* our Court also addressed the issue of intervening negligence. *Hillman v. United States Liability Ins. Co.,* 59 N.C. App. 145, 296 S.E.2d 302 (1982), *disc. review denied,* 307 N.C. 468, 299 S.E.2d 221 (1983). In *Hillman,* the defendant braked suddenly while driving on the highway. *Id.* at 151, 296 S.E.2d at 307. The plaintiff, traveling behind the defendant, was unable to stop and slid into the defendant. *Id.* The operator of a third vehicle traveling behind the plaintiff came to a complete stop. *Id.* However, the operator of a fourth vehicle was not able to stop and collided with the third vehicle, pushing the third vehicle into the rear of the plaintiff's vehicle. *Id.* at 151-2, 296 S.E.2d at 307. Our Court held that

> [i]n terms of proximate causation it is not unforeseeable that one or more, if not all, of the following cars will not be able to stop in time to avoid a "chain reaction" collision. The probable consequences reasonably to be anticipated from suddenly stopping on a highway are exactly those outlined here, a line of cars undergoing a series of impacts in an unbroken sequence.

*Id.* at 152, 296 S.E.2d at 307 (citing *Lewis v. Fowler,* 22 N.C. App. 199, 206 S.E.2d 329, *cert. denied,* 285 N.C. 660, 207 S.E.2d 754 (1974)).

The facts alleged in the present case are almost identical to *Hester* and *Hillman.* Defendant was traveling on the highway in front of Plaintiff when Defendant came to a sudden stop and turned left without using his turn signal. As a result, Plaintiff and the driver of a vehicle behind her (vehicle two) slammed on their brakes and were able to come to a complete stop on the highway. However, a third

vehicle driven by Thibodeaux was unable to stop and collided with the rear of vehicle two, causing vehicle two to collide with Plaintiff's vehicle. Pursuant to *Hester* and *Hillman*, and viewing the allegations in the light most favorable to Plaintiff, there remains a genuine issue of material fact as to whether the collision caused by Thibodeaux's negligence was a foreseeable result of Defendant's negligent actions. Therefore, the order entering summary judgment in favor of Defendant was erroneously granted.

Reversed and remanded.

Judges GEER and BEASLEY concur.